JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kenyock Wright

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James R. Radmore, Esquire; The Radmore Firm, LLC
1500 J.F.K. Boulevard, Philadelphia, PA 19102
Phone: (215) 568-9900

## DEFENDANTS
The Roho Group, Inc.; Roho, Inc.; Einstein Medical Center; Einstein Healthcare Network; Temple University Hospital; Temple University Health System, Inc.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
William J. Ricci, Esq.; Ricci Tyrrell Johnson & Grey
1515 Market St., Ste. 700, Philadelphia, PA 19103
Phone: (215) 320-3260   [see attached for other attorneys]

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

(Nature of Suit categories — ☒ 365 Personal Injury - Product Liability checked)

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Plaintiff has abandoned his claims against the non-diverse defendants, thereby making the case removable.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE 6/17/19
SIGNATURE OF ATTORNEY OF RECORD   *William J. Ricci*

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

## ATTACHMENT TO CIVIL COVER SHEET – ATTORNEYS

Debbie Moeller, Esq. – *admitted pro hac vice*
Carlene S. Iverson, Esq. – *admitted pro hac vice*
Mauer Law Firm, P.C.
1100 Main Street, Suite 2100
Kansas City, Missouri 64105
***Attorneys for Defendants, The Roho Group, Inc. and Roho, Inc.***

Joseph G. Zack, Esquire
Post & Post LLC
200 Berwyn Park, Suite 102
920 Cassatt Road
Berwyn, PA 19312
***Attorney for Defendants, Albert Einstein Medical
Center and Einstein Healthcare Network***

Caitlin E. McCauley, Esquire
Marshall L. Schwartz, Esquire
O'Brien & Ryan, LLP
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462
***Attorney for Defendants, Temple University Hospital
and Temple University Health System, Inc.***

UNITED STATES DISTRICT COURT **19   2623**
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 5011 Wissahickon Avenue, Philadelphia, Pennsylvania 19144 ___

Address of Defendant: _ (See attached)

Place of Accident, Incident or Transaction: _____ Philadelphia, Pennsylvania ___

---

**RELATED CASE, IF ANY:**

Case Number _____   Judge· _____   Date Terminated ____

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE   6-17-19 _____   _____   27708
                        *Attorney-at-Law · Pro Se Plaintiff*   *Attorney I D # (if applicable)*

---

**CIVIL: (Place a ∨ in one category only)**

**A.    Federal Question Cases:**

☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2  FELA
☐ 3  Jones Act-Personal Injury
☐ 4  Antitrust
☐ 5  Patent
☐ 6  Labor-Management Relations
☐ 7  Civil Rights
☐ 8  Habeas Corpus
☐ 9  Securities Act(s) Cases
☐ 10 Social Security Review Cases
☐ 11 All other Federal Question Cases
     *(Please specify)* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1  Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3  Assault, Defamation
☐ 4  Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6  Other Personal Injury *(Please specify)* _
☑ 7  Products Liability
☐ 8  Products Liability  Asbestos
☐ 9  All other Diversity Cases
     *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, William J. Ricci _____, counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

DATE _____ 6/17/19 ___   _____   27708
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

## ATTACHMENT TO DESIGNATION FORM – DEFENDANTS' ADDRESSES

**The Roho Group, Inc.**
100 N. Florida Avenue
Belleville, IL 62221

**Roho, Inc.**
100 N. Florida Avenue
Belleville, IL 62221

**Einstein Medical center**
5501 Old York Road
Philadelphia, PA 19141

**Einstein Healthcare Network**
5501 Old York Road
Philadelphia, PA 19141

**Temple University Hospital**
3401 North Broad Street
Philadelphia, PA 19140

**Temple University Health System, Inc.**
3509 North Broad Street, 9th Floor Boyer
Philadelphia, PA 19140

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 5011 Wissahickon Avenue, Philadelphia, Pennsylvania 19144 _____

Address of Defendant: _____ (See attached) _____

Place of Accident, Incident or Transaction: _____ Philadelphia, Pennsylvania _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   27708
_____   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

| A. | Federal Question Cases: | B. | Diversity Jurisdiction Cases: |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☐ 7. | Civil Rights | ☑ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ William J. Ricci _____, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _6/17/19_   _William J Ricci_   27708
_____   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## ATTACHMENT TO DESIGNATION FORM – DEFENDANTS' ADDRESSES

**The Roho Group, Inc.**
100 N. Florida Avenue
Belleville, IL 62221

**Roho, Inc.**
100 N. Florida Avenue
Belleville, IL 62221

**Einstein Medical center**
5501 Old York Road
Philadelphia, PA 19141

**Einstein Healthcare Network**
5501 Old York Road
Philadelphia, PA 19141

**Temple University Hospital**
3401 North Broad Street
Philadelphia, PA 19140

**Temple University Health System, Inc.**
3509 North Broad Street, 9th Floor Boyer
Philadelphia, PA 19140

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Kenyock Wright                    :          CIVIL ACTION
          v.                      :
The Roho Group, Inc.             :          NO.
      et al                       :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)

6-17-19                    William Ricci              Roho, Inc.
**Date**                   **Attorney-at-law**        The Roho Group, Inc.
                                                      **Attorney for**
215-320-3260               215-320-3261               bricci@rtjglaw.com

**Telephone**              **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KENYOCK WRIGHT, | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| v. | : | |
| | : | |
| THE ROHO GROUP, INC. and | : | **NO.** |
| ROHO, INC., EINSTEIN MEDICAL CENTER: | | |
| EINSTEIN HEALTHCARE NETWORK, | : | |
| TEMPLE UNIVERSITY HOSPITAL and | : | |
| TEMPLE UNIVERSITY HEALTH SYSTEM, INC.: | | |

## NOTICE OF REMOVAL

**TO:   THE HONORABLE CHIEF JUSTICE AND JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Roho, Inc. and The Roho Group, Inc. (hereinafter collectively "Roho"), defendants in the

matter of *Kenyock Wright v. The Roho Group, Inc., et al.*, pending in the Court of Common

Pleas, Philadelphia County, October Term, 2018, Case No. 3653, hereby file this Notice pursuant

to 28 U.S.C. §§ 1441(b) and 1446 to remove the action to the United States District Court for the

Eastern District of Pennsylvania, based on Plaintiffs' recent abandonment of his claims against

the non-diverse defendants which has rendered the case removable.  The grounds for removal are

more particularly stated as follows:

1.      On or about October 26, 2018, Plaintiff, Kenyock Wright (hereinafter "Plaintiff"),

commenced this action in the Court of Common Pleas of Philadelphia County, Pennsylvania, by

filing a Writ of Summons; Plaintiff subsequently filed a Complaint on or about January 4, 2019,

an Amended Complaint on or about February 14, 2019, and a Second Amended Complaint on or

about March 27, 2019.[1]  A true and correct copy of Plaintiffs' Complaint, Amended Complaint, and Second Amended Complaint are attached hereto as Exhibit "A", Exhibit "B", and Exhibit "C", respectively.[2]

2.      Plaintiff's Second Amended Complaint contains allegations that Plaintiff, a paraplegic who is confined to a wheelchair, sustained serious injuries when, unbeknownst to him, the air valve on an inflatable wheelchair seat cushion allegedly manufactured and sold by Roho protruded into his body for an extended period of time, causing a wound and infection. See Exhibit C.

3.      In his Second Amended Complaint, Plaintiff sets forth both negligence and strict liability product liability claims against Roho for the allegedly defective seat cushion, as well as claims based on Roho's alleged breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose.  See Exhibit C, counts I-IV.

4.      Plaintiff set forth claims of negligence, vicarious liability, and corporate liability sounding in medical malpractice against Defendants Temple University Hospital, Temple University Health Systems, Inc., Albert Einstein Medical Center, and Einstein Healthcare Network (hereinafter "the Temple Defendants" and "the Einstein Defendants"), based on their alleged "substandard care" and/or "deviation from appropriate standards of care" when Plaintiff sought treatment for the injuries he allegedly sustained from the seat cushion.  See Exhibit C, counts V-X.

5.      Pursuant to Pennsylvania Rule of Civil Procedure 1042.3:

In any action based upon an **allegation that a licensed professional deviated from an acceptable professional**

---

[1] Plaintiff filed the Amended Complaint and Second Amended Complaint in response to Preliminary Objections by the Defendants.  The Second Amended Complaint is the operative Complaint in this matter.
[2] Due to the current issues with the Philadelphia Court of Common Pleas online system, Defendants are unable to attach a copy of the Court Docket to this filing.

2

**standard**, the attorney for the plaintiff . . . shall file with the complaint or **within sixty days after filing the complaint**, a certificate of merit signed by the attorney or party that either:

> 1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> 3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R.C.P. 1042.3 (emphasis added).

6.      Therefore, per the Rule, Plaintiff was required to file a Certificate of Merit in support of his claims against the Temple Defendants and the Einstein Defendants by March 5, 2019, but failed to do so.

7.      Pennsylvania Rule of Civil Procedure 1042.7(a) permits a defendant to file for judgment of non pros against a plaintiff who fails to file a certificate of merit as required by Rule 1042.3, but Rule 1042.6 requires the defendant to first file a written notice of their intention to file the praecipe and serve it on the party's attorney no sooner than the thirty-first day after the filing of the complaint.

8.      Therefore, on February 4, 2019, both the Temple Defendants and the Einstein Defendants filed a Notice of Intention to Enter Judgment of Non Pros against Plaintiff for failure to file certificates of merit, pursuant to Rule 1042.6 and 1042.7.  True and correct copies of the

Notice of Intention filed by the Temple Defendants and the Einstein Defendants are attached hereto as Exhibits "D" and "E", respectively.

9.    In response to these filings, on  March 5, 2019, Plaintiff filed a Motion to Extend the Time for Filing a Certificate of Merit pursuant to Pa. R.C.P. 1042.3(d),[3] due to his alleged need to obtain records from the Temple and Einstein Defendants; the Court **entered an Order on April 18, 2019 for Plaintiff to file certificates of merit within thirty days of the date of the Order, by May 18, 2019**.  A true and correct copy of Plaintiffs' Motion to Extend and the Court's April 18, 2019 Order are attached hereto as Exhibits "F" and "G", respectively.

10.    Rule 1042.3(d) provides that "[a] motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of non pros on a professional liability claim under Rule 1042.6(a) **or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit**, whichever is greater." (emphasis added).  However, in addition to not filing the certificates of merit within the time allotted by the Court's Order, Plaintiff also did not file an additional motion for an extension of time to file the certificates of merit.

11.    Rule 1042.7 provides that in such a situation "[t]he prothonotary, on praecipe of the defendant, **shall enter a judgment of non pros against the plaintiff** for failure to file a certificate of merit within the required time", with no notice to Plaintiff required due to his failure to act within the Court ordered time.  See 1042.6(b).

12.    Consequently, on or about May 31, 2019, the Einstein Defendants filed a Praecipe for Judgment of Non Pros against Plaintiff.  See Exhibit "I", with correspondence.[4]

---

[3] This Rule allows the Court, upon good cause shown, to extend the time for filing a certificate of merit for a period no more than sixty days.
[4] Due to the issues with the Court's online system, the Defendants did not receive notice of the filing until receipt on this letter on May 31, 2019.

4

13.     By failing to file certificates of merit with time set forth by the April 18, 2019 Court Order, and failing to file a motion to extend the amount of time to file on or before May 18, 2019, Plaintiff effectively abandoned his claims against the Temple and Einstein Defendants, creating complete diversity and making the case removable to federal court.

14.     Therefore, Defendants Roho Group, Inc. and Roho, Inc. now file this Notice of Removal pursuant to 28 U.S.C. § 1441(b).

## I.     THIS COURT HAS JURISDICTION

15.     28 U.S.C. § 1441(a) authorizes a defendant to remove to federal court any civil action brought in a state court in which the district courts of the United States have original jurisdiction.

16.     Pursuant to 28 U.S.C. § 1446, "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal. . . containing a short and plain statement of the grounds for removal."

17.     This Court has original jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332 because the parties are now diverse and because the amount in controversy is in excess of $75,000.

### A. Amount in Controversy is in Excess of $75,000

18.     It is clear from the allegations in Plaintiff's Second Amended Complaint that the amount in controversy in this matter exceeds the required $75,000 threshold set forth in 28 U.S.C. § 1332.

19.     In his Second Amended Complaint, Plaintiff alleges that as a result of the puncture from the Roho inflatable wheelchair seat, he sustained a wound, which lead to an

infection. Ex. C, ¶¶ 19-23. Plaintiff alleges that following treatment at Einstein Medical Center and Temple University Hospital, he "required a biopsy and additional inpatient treatment but continues to suffer from the effects of the wound including noxious odors emanating from the wound. Plaintiff further is suffering from fever and pain all of which has caused psychological issues, mood swings, depression, loss of memory and other physical and mental changes and will require numerous procedures in order to treat these conditions." Id. at ¶¶ 22-33. Plaintiff alleges that Defendants' negligence "has subjected plaintiff to a substantial increased risk of harm as well as other serious and permanent injuries." Id. at ¶ 34. He is making a claim for medical expenses and pain and suffering. Id. at ¶¶ 35-36.

20.     In Plaintiff's filed Case Management Memorandum, Plaintiff provided that he sustained "an infection of the buttocks resulting in osteomyelitis of the hip", that Plaintiff underwent inpatient hospitalization and surgery to remove the foreign object, that he is still undergoing medical treatment, and that his demand is $650,000.00. A true and correct copy of Plaintiff's Case Management Memorandum is attached hereto as Exhibit "H".

21.     Generally, whether the amount in controversy requirement has been satisfied is determined from the face of the plaintiff's complaint. McMillan v. Wilkie Trucking Inc., 2014 U.S. Dist. LEXIS 22636, at *8 (E.D. Pa. Feb. 21, 2014) (citing Sims v. PerkinElmer Instruments, LLC, 2005 U.S. Dist. LEXIS 5300, at *8 (E.D. Pa. Mar. 31, 2005); Angus v. Shirley, Inc., 989 F.2d 142, 145 (3d Cir. 1993)).

22.     In cases in which the demand for damages is expressed in an indeterminative value, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." McMillan, 2014 U.S. Dist. LEXIS at *8 (citing Inaganti v. Columbia Props. Harrisburg LLC, 2010 U.S. Dist. LEXIS

6

51983, at *8 (E.D. Pa. May 25, 2010)). In those cases, the district court "must engage in an objective independent appraisal of the claim's value to determine whether the amount in controversy is satisfied." Id. (quoting Angus, 989 F.2d at 146).[5]

23.    **A defendant can rely on a plaintiff's Case Management Memorandum submitted prior to a Philadelphia County Case Management Conference to determine, to a legal certainty, that Plaintiff's damages exceed the $75,000 threshold**. Judge v. Phila. Premium Outlet, 2010 U.S. Dist. LEXIS 56762, at *21-22 (E.D. Pa. June 8, 2010) (finding that the allegations in the plaintiff's complaint did not provide sufficient information to determine the amount in controversy, but that the plaintiff's Case Management Conference Memorandum did, as it alleged the injuries that plaintiff sustained, the treatment he received, that injuries were permanent, and that treatment was continuing). See also Kukla v. Wal-Mark Stores E., LP, 2017 U.S. Dist. LEXIS 202512, at *10-11 (E.D. Pa. Dec. 8, 2017) (finding that the plaintiff's Case Management Conference Memorandum for a Philadelphia County Case Management Conference, rather than the complaint, provided the necessary information to determine that the amount in controversy exceeded $75,000).

24.    Therefore, based on a combination of the allegations contained in Plaintiff's Complaint, and the information and demand provided in his Case Management Conference Memorandum, it is clear that the amount in controversy in this matter exceeds the required $75,000 threshold.

---

[5] See Russo v. Wal-Mart Stores East, L.P., 2017 U.S. Dist. LEXIS 69633, at *2 (M.D. Pa. May 8, 2017) (finding that even where the plaintiff only alleged an amount in excess of $40,000 in his complaint, the amount in controversy was in excess of $75,000 based on allegations of "severe and painful injuries" plaintiff alleged will continue to suffer in the future, and for which plaintiff alleged "expend[ed] various sums of money for medical care and attention," continuing in the future); Bracken v. Dolgencorp, LLC, 2018 U.S. Dist. LEXIS 202099, at *8-9 (E.D. Pa. Nov. 29, 2018) (finding that plaintiff's complaint evidenced an amount in controversy in excess of $75,000 where plaintiff alleged that he suffered "severe and permanent injuries," which included herniations and radiculopathy, "great financial detriment and loss," "loss of wages and earning capacity," and often noted his injuries and financial damages could worsen in the future).

**B.  There is Complete Diversity Due to Plaintiff's Abandonment of Claims**

25.     Now that Plaintiff has abandoned his claims against the Temple and Einstein Defendants, there is complete diversity among the parties, and the case us removable.

26.     Plaintiff Kenyock Wright ("Plaintiff") is a citizen of Pennsylvania, and his home is located at 5011 Wissahickon Avenue, Philadelphia. See Ex. C, ¶ 1.

27.     The Roho Group, Inc has its principal place of business in Illinois and is incorporated in Illinois, and is therefore a citizen of Illinois.

28.     Roho, Inc. has its principal place of business in Illinois and is incorporated in Illinois, and is therefore a citizen of Illinois.

29.     Defendant Temple University Hospital is a Pennsylvania non-profit with its principal place of business in Pennsylvania, and therefore is a citizen of Pennsylvania.

30.     Defendant Temple University Health System, Inc. is a Pennsylvania non-profit with its principal place of business in Pennsylvania, and therefore is a citizen of Pennsylvania.

31.     Defendant Albert Einstein Medical Center is a Pennsylvania non-profit with its principal place of business in Pennsylvania, and therefore is a citizen of Pennsylvania.

32.     Defendant Einstein Healthcare Network is a Pennsylvania non-profit with its principal place of business in Pennsylvania, and therefore is a citizen of Pennsylvania.

33.     Plaintiff defaulted under the Court ordered extension of time for filing the certificates of merit, and therefore voluntarily waived and abandoned all claims against the non-diverse defendants (i.e., the Temple and Einstein defendants, which are all citizens of Pennsylvania), creating complete diversity and making the case removable to federal court.

34.     "A state court plaintiff who voluntarily abandons claims against non-diverse defendants may render a case removable if federal jurisdiction could then be based on diversity

8

of citizenship under 28 U.S.C. § 1332." In re Diet Drugs Prods. Liab. Litig., 1999 .S. Dist. LEXIS 2074, *5, 1999 WL 106887 (E.D. Pa. March 2, 1999).

35.     Where plaintiff, by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant, plaintiff has indicated that he no longer desires to dictate the forum **and the case then becomes removable under 28 U.S.C. § 1446(b)**." Id. (citing Erdey v. American Honda Co., Inc., 96 F.R.D. 593, 599 (M.D. La. 1983); Powers v. Chesapeake & O. Ry. Co., 169 U.S. 92, 42 L. Ed. 673, 18 S. Ct. 264 (1898)). See also Rowe v. Johns-Manville Corp., 658 F. Supp. 122, 123, 1987 U.S. Dist. LEXIS 2569, *2 (E.D. Pa. Mar. 30, 1987) (citing Higgins v. Pittsburgh-Des Moines Co., 635 F. Supp. 1182, 1184 (S.D. Texas 1986) ("Voluntary dismissal by a plaintiff of all defendants whose citizenship is not diverse from that of the plaintiff, through settlement or otherwise, renders the case removable by a remaining defendant").[6]

36.     "The technicality of how plaintiff's intention is expressed is of no moment—it is the expression of the intent by plaintiff which makes the case removable." In re Diet Drugs Prods. Liab. Litig., 1999 U.S. Dist LEXIS at *5 (citing Erdey v. American Honda Co., Inc., 96 F.R.D. 593, 599 (M.D. La. 1983); Powers v. Chesapeake & O. Ry. Co., 169 U.S. 92, 42 L. Ed. 673, 18 S. Ct. 264 (1898)).

37.     As further corroboration of Plaintiff's abandonment of his claims, Plaintiff did not file for an additional extension of time to provide a certificate of merit pursuant to Rule

---

[6] See, e.g., Rose v. USAA Cas. Ins. Co., 2010 U.S. Dist. LEXIS 63009, at *4 (finding that the plaintiffs' stipulation substituting a nondiverse defendant for a diverse defendant constituted a voluntary abandonment of claims against the removing defendant); Eyal Lior v. Sit, 913 F. Supp. 868, 878 (D.N.J. 1996) (finding that the plaintiffs' stipulation removing the nondiverse defendant triggered the thirty-day removal period under 28 U.S.C. §1446 (b)); Hessler, 684 F. Supp. at 395 (holding that the plaintiff's act of entering into a settlement agreement with the nondiverse defendant constituted the voluntary abandonment of claims against the nondiverse defendant); Lesher v. Andreozzi, 647 F.Supp. 920, 921-22 (M.D.Pa.1986) (same).

1042.3(d), and has not responded to the Praecipe to Enter Judgment of Non Pros filed by the Einstein Defendants.

38.     Therefore, as Plaintiff has clearly abandoned his claims against the non-diverse defendants, complete diversity now exists and the case is removable.

## II.     REMOVAL IS TIMELY

39.     Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it **may first be ascertained** that the case is one which is or has become removable." (emphasis added).  See also McGhee v. Allstate Ins. Co., 2005 U.S. Dist. LEXIS 17995, at *3-4 ("[W]here the 'initial pleading' – Plaintiff's complaint – does not provide notice of the grounds for federal diversity jurisdiction, the second paragraph of § 1446(b) must be applied, and the Court must determine if Defendant filed the Notice of Removal within thirty days after Defendant's receipt of 'a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'").

40.     Pursuant to 28 U.S.C. § 1446(c), a case removed under subsection (b)(3), set forth above, must be removed within one year of commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Plaintiff commenced this action by writ of summons on October 26, 2018, and therefore, this removal is within one year of commencement of the action.

41.     This lawsuit was not immediately removable, as both Plaintiff  the Temple and Einstein defendants are citizens of Pennsylvania.  See 28 U.S.C. § 1332.

42.     Moving Defendants became aware of Plaintiff's abandonment of his claims on May 29, 2019, when the Einstein Defendants filed their Praecipe for Entry of Judgment Non Pros, which constitutes the "other paper" in this case that triggered the thirty day removal deadline.

43.     "While the third circuit has not decided what constitutes 'other paper' under § 14346(b), 'cases from other circuits have dealt with the issue, and while some courts have concluded that 'other paper' must be those actually filed in the case, the majority of courts have 'given the reference to 'other paper' an embracive construction and have included a wide array of documents within its scope.'" Efford v. Milam, 368 F. Supp. 2d 380, 384 (E.D. Pa. 2005).

44.     The "other paper" triggering the removability of a matter must be the result of "a voluntary act of the plaintiff which **effects a change rendering the case subject to removal** (by defendant) which had not been removable before the change", and the documents must "make it 'unequivocally clear and certain' that federal jurisdiction lies." Efford v. Milam, 368 F.Supp.2d 380, 385 (E.D. Pa. April 6, 2005) (emphasis added) (citing Debry v. Transamerica Corp., 601 F.2d 480, 487 (10th Cir. 1979); Bosky v. Kroger Tex., L.P., 288 F.3d 208, 212 (5th Cir. 2002)).

45.     Because Plaintiff failed to provide a certificate of merit within the amount of extended time set forth by the Court Order, and failed to file another motion for extension of time, the Court is required by the rules to enter a judgement of non pros against Plaintiff upon the filing of the Praecipe for Judgment Non Pros of the Einstein Defendants. See Pa. R.C.P. 1042.7, 1042.6(b)(1).

46.     Therefore, the Einstein Defendants' filing of the Praecipe for Judgment Non Pros against Plaintiff effects a change that renders the case removable, as it indicated to Roho that

11

Plaintiff was no longer pursuing his claims against the non-diverse defendants, and Roho has filed this Notice of Removal within 30 days of the praecipe filed May 31, 2019.

## III.   PROPER PROCEDURE IS FOLLOWED

47.    In accordance with 28 U.S.C. § 1446(a), Roho has attached a copy of all process, pleadings, and orders served upon it in this action.

48.    After filing this Notice of Removal, Roho will file a copy with the Clerk of the Court of Common Pleas, Philadelphia County, Pennsylvania, and will provide Notice of Removal to the Adverse Party, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, The Roho Group, Inc. and Roho, Inc., pray that they may effect the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

RICCI TYRRELL JOHNSON & GREY

By: _William J. Ricci_

William J. Ricci, Esquire
PA I.D. #27708

*Counsel for Defendants The ROHO Group, Inc. and ROHO, Inc.*

Dated: _6-17-19_

12

**CERTIFICATE OF SERVICE**

I, William J. Ricci, Esquire, hereby certify that true and correct copies of the foregoing

Notice of Removal has been served this 17th day of June, 2019, electronically.

RICCI TYRRELL JOHNSON & GREY

By: _____

William J. Ricci, Esquire
*Counsel for ROHO Group and*
*ROHO, Inc.*

# Exhibit "A"

MAJOR NON-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

THE RADMORE FIRM, LLC
BY:  JAMES R. RADMORE, ESQUIRE
Identification: 36649
Two Penn Center, Suite 520
1500 J.F.K. Boulevard
Philadelphia, PA   19102
(215) 568-9900
jrr@radmore.net;  msh@radmore.net

Filed and Attested by the
Office of Judicial Records
04 JAN 2019 03:13 pm
M. RUSSO

Attorney for Plaintiff(s)

| | | |
|---|---|---|
| KENYOCK WRIGHT<br>5011 Wissahickon Avenue<br>Philadelphia, PA   19144 | : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs | : <br> : <br> : | OCTOBER TERM,  2018 |
| THE ROHO GROUP<br>4064 Technology Drive<br>Maumee, OH   43537<br>        and<br>ROHO, INC.<br>100 Florida Avenue<br>Belleville, IL   62221<br>        and<br>EINSTEIN MEDICAL CENTER<br>5501 Old York Road<br>Philadelphia, PA   19141<br>        and<br>EINSTEIN HEALTHCARE NETWORK<br>5501 Old York Rd<br>Philadelphia, PA 19141<br>        and<br>TEMPLE UNIVERSITY HOSPITAL<br>3401 North Broad Street<br>Philadelphia, PA   19140<br>        and<br>TEMPLE UNIVERSITY<br>HEALTH SYSTEM, INC.<br>3509 North Broad Street, 9th Floor Boyer<br>Philadelphia, PA   19140 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | NO. 03653 |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania  19107
Telephone:  215-238-6333
TTY:  215-451-6197

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de piazo al partir de la fecha de la demanda y la notificacion. Hace falte asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Adamas, la cortes puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros defechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania  19107
Telephone:  215-238-6333
TTY:  215-451-6197

Case ID: 181003653

## CIVIL ACTION COMPLAINT
## PRODUCTS LIABILITY AND MEDICAL MALPRACTICE

1.  Plaintiff, Kenyock Wright, is an adult residing at 5011 Wissahickon Avenue, Philadelphia, PA 19444.

2.  Defendant, The Roho Group is a corporation authorized to do business in the Commonwealth of Pennsylvania with its principal place of business at 4064 Technology Drive, Maumee, OH  43537.

3.  Defendant, Roho, Inc, is a corporation authorized to do business in the Commonwealth of Pennsylvania with its principal place of business at 100 Florida Avenue, Belleville, IL 62221.

4.  Defendant, Einstein Medical Center, is a non-profit corporation duly organized under the laws of the Commonwealth of Pennsylvania with a principal place of business as listed above and provides healthcare services to the public.

5.  Defendant, Albert Einstein Healthcare Network, is a non-profit corporation duly organized under the laws of the Commonwealth of Pennsylvania with a principal place of business as listed above and provides healthcare services to the public.

6.  Defendant, Temple University Hospital, is a part of defendant, Temple University Health System with a principal place of business as listed above; and engages in the business of providing health care and services to the public.

7.  Defendant, Temple University Health System is a corporation duly organized under the laws of the Commonwealth of Pennsylvania and engages in the business of providing health care and services to the public.

8.  At all times relevant, plaintiff was a paraplegic and confined to a wheelchair.

9.  Plaintiff did not have feeling below the waist.

Case ID: 181003653

10.    As a result, plaintiff purchased a wheelchair cushion.

11.    Said cushion was manufactured and sold by defendants, Roho Group and Roho, Inc.

12.    Said cushion was defective as a result of which a sharp object within the cushion punctured plaintiff's rear.

13.    Because of the lack of feeling, plaintiff was unaware of this condition for an extended period of time.

14.    Plaintiff ultimately sought treatment at defendant, Einstein.

15.    On October 28, 2016, Einstein finally diagnosed an infection and for the first time learned that his condition had been caused by a defect in the wheelchair pillow.

16.    Despite the serious condition with which plaintiff was admitted, it was not until a week later on October 28, 2016 that Einstein diagnosed and treated his condition.

17.    Plaintiff did not discover the defect in the wheelchair pillow until being advised by defendant, Einstein that this was the cause on October 28, 2016.

18.    Plaintiff was discharged from Einstein with a wound on his rear a was in need of wound treatment.

19.    Plaintiff sought wound treatment from defendant, Temple.

20.    Plaintiff was treated both at Temple and with home care.

21.    Plaintiff was also prescribed antibiotics.

22.    Plaintiff's wound failed to improve but nonetheless, Temple ceased treatment including medication.

23.    The negligence of the defendants, including the substandard care, and the

deviations from appropriate standards of care by defendants caused the injuries and losses as set forth herein

24.  As a result of the negligence of Defendants, plaintiff required a biopsy and additional inpatient treatment but continues to suffer from the effects of the wound including noxious odors emanating from the wound. Plaintiff further is suffering from fever and pain all of which has caused psychological issues, mood swings, depression, loss of memory and other physical and mental changes and will require numerous procedures in order to treat these conditions.

25.  Defendants' negligence as set forth herein has subjected plaintiff to a substantial increased risk of harm as well as other serious and permanent injuries.

26.  By reason of the injuries sustained, plaintiff has been and may in the future continue to be required to expend various sums of money for medicine and medical treatment in and about endeavoring to treat and cure himself of his injuries.

27.  By reason of the injuries sustained, plaintiff has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to his daily duties, functions and occupation, all to his great damage and loss.

28.  The negligence and carelessness of defendants and its employees and agents was a substantial factor in bringing about plaintiff's injuries and losses and a factual cause of plaintiffs injuries and losses.

Case ID: 181003653

## COUNT I
## PLAINTIFF VS. DEFENDANTS,
## THE ROHO GROUP AND ROHO, INC.
## STRICT LIABILITY

29.  Paragraphs 1 through 28 are incorporated herein as though fully set forth.

30.  The wheelchair cushion manufactured and sold by the Roho defendants was defective and unreasonably dangerous to foreseeable users and consumers, including plaintiff, in one or more of the following ways:

a.  The cushion was defectively designed so as to create a risk of serious injury under normal use;

b.  The cushion was defectively manufactured;

c.  The cushion was defective and unreasonably dangerous in the absence of adequate warnings or instructions, and defendant failed to provide such warnings or instructions;

d.  The Roho Defendants failed to adequately test the cushion;

e.  The Roho defendants failed to provide timely and adequate post-marketing warnings and instructions after they knew of the risk of injury from the cushion.

f.  The cushion was dangerous beyond the reasonable contemplation of plaintiff, a reasonable consumer;

g.  The cushion carried a surprise element of danger in that there was no warning as to the risk of defective sharp objects within the cushion.

31.  At the time it was used for its intended purpose by plaintiff, the cushion were in the same or similar condition as when it left the possession of the Roho defendants.

32.  The cushion was not misused or materially altered.

33.  The cushion was used in a way that was foreseeable to the Roho defendants.

34.  As a result of the strict liability of the Roho defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 24 through 28 which are incorporated

Case ID: 181003653

herein by reference.

WHEREFORE, plaintiff, demands judgment against defendants The Roho Group and Roho, Inc. in an amount in excess in $50,000.00.

## COUNT II
### PLAINTIFF VS. DEFENDANTS,
### THE ROHO GROUP AND ROHO, INC.
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

35.    Plaintiff incorporates paragraphs 1 through 34 of the Complaint as if set out here in full.

36.    The Roho defendants warranted that the cushion was merchantable and fit for the ordinary purposes for which it was intended.

37.    Members of the public, including plaintiff, were intended third party beneficiaries of the warranty.

38.    The cushion was not merchantable and fit for its ordinary purpose, because it had hidden defects including sharp objects capable of piercing the skin of users so that it would no longer be usable for the purposes for which it was sold and could cause injury to intended users of the product.

39.    Plaintiff reasonably relied on the Roho defendants implied representations that the cushion was merchantable and fit for the ordinary purposes for which it was intended.

40.    As a result of the breach of the implied warranty of merchantability of the Roho defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 24 through 28 which are incorporated herein by reference.

WHEREFORE, plaintiff, demands judgment against defendants The Roho Group and Roho, Inc. in an amount in excess in $50,000.00.

## COUNT III
## PLAINTIFF VS. DEFENDANTS,
## THE ROHO GROUP AND ROHO, INC.
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR THE PURPOSE

42.     Plaintiff incorporates paragraphs 1 through 41 of the Complaint as if set out here in full.

43.     The Roho defendants sold the cushion with an implied warranty that they were fit for the particular purpose of extra comfort and support which was of particular appeal to an individual suffering from the conditions from which plaintiff suffered.

44.     Members of the public, including plaintiff, were intended third party beneficiaries of the warranty.

45.     The cushion were not fit for the particular purpose because it had hidden defects including sharp objects capable of piercing the skin of users so it would no longer be usable for the purposes for which it was sold and could cause injury to intended users of the product.

46.     Plaintiff reasonably relied on the Roho defendants implied representations that the cushion was fit for the particular purpose for which it was sold

47.     As a result of the breach of the implied warranty of fitness for the purpose of the Roho defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 24 through 28 which are incorporated herein by reference.

WHEREFORE, plaintiff, demands judgment against defendants The Roho Group and Roho, Inc. in an amount in excess in $50,000.00.

Case ID: 181003653

## COUNT IV
## PLAINTIFF VS. DEFENDANTS,
## THE ROHO GROUP AND ROHO, INC.
## NEGLIGENCE

48.     Plaintiff incorporates paragraphs 1 through 47 of the Complaint as if set out here in full.

49.     The Roho defendants had a duty to exercise reasonable care in the manufacture, marketing, sale and distribution of the cushion.

50.     The Roho defendants breached and acted in reckless disregard of its duty in:

   a.     failing to use due care in designing the cushion;

   b.     failing to use due care in manufacturing the cushion;

   c.     failing to provide adequate warnings, training, or instructions with the cushion;

   d.     failing to adequately test the cushion; and

   e.     failing to provide timely and adequate post-marketing warnings and instructions after they knew of the risk of injury from normal use of the cushion from the sharp objects located within the cushion.

51.     As a result of the breach of the negligence of the Roho defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 24 through 28 which are incorporated herein by reference.

WHEREFORE, plaintiff, demands judgment against defendants The Roho Group and Roho, Inc. in an amount in excess in $50,000.00.

## COUNT V
## PLAINTIFF, VS. DEFENDANTS,
## EINSTEIN MEDICAL CENTER AND EINSTEIN HEALTHCARE NETWORK
## NEGLIGENCE

52.    Paragraphs 1 through 51 are incorporated herein as though fully set forth.

53.    Plaintiff was admitted to the Einstein defendants, for treatment of the wound caused by the Roho defendants.

54.    Defendants failed to recognize or diagnose the problem or its cause until October 28, 2016.

55.    The negligence, carelessness, recklessness and/or omissions of defendant, acting as aforesaid, consisted, *inter alia* of the following:

    a)    failing to properly treat plaintiff by not recognizing the extent of the condition of plaintiff;

    b)    failing to timely recognize the extent of the plaintiff's illness;

    c)    failing to provide adequate counseling and advice to the plaintiff;

    d)    failing to properly recognize plaintiff's symptomotology so that he was discharged while still requiring inpatient treatment;

    e)    Failure to take a proper history which would have disclosed the cause and nature of plaintiff's condition;

    f)    failure to communicate with plaintiffs in an appropriate manner.

    g)    having improper and inadequate policies and procedures;

    h)    failure to develop a proper care plan to properly provide treatment to plaintiff;

    i)    failing to use the required amount of skill in the performance and

administration of their duties and responsibilities and particularly failing to devote the resources necessary to properly care for plaintiff;

    j)    failure to properly train and supervise the staff.

56. As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 24 through 28 which are incorporated herein by reference.

**WHEREFORE**, Plaintiff, demands damages against defendants, Einstein Medical Center and Einstein Healthcare Network, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT VI**
**PLAINTIFF VS. EINSTEIN MEDICAL CENTER**
**AND EINSTEIN HEALTHCARE NETWORK**
**VICARIOUS LIABILITY**

57. Paragraphs 1 through 56 are incorporated herein by reference as though fully set forth.

58. The aforementioned technicians, physicians, nursing staff and other attending personnel and support staff to be determined during discovery were under the supervision and control of the corporate defendants and were required to adhere to the policies, procedures and regulations promulgated by said defendants.

59 At all times relevant thereto, the technicians, physicians, nursing staff and other attending personnel and support staff to be determined during discovery were acting within the scope of their employment as agents, servants, employees, directors or officers of said defendants.

60. Said defendants are vicariously liable for the acts, commissions, or omissions of the attending technicians, physicians, nursing staff and other support staff as fully as though the aforementioned physicians performed the acts or omissions themselves.

61.    As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 24 through 28 which are incorporated herein by reference.

**WHEREFORE**, Plaintiff, demands damages against defendants, Einstein Medical Center and Einstein Healthcare Network, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT VII
## PLAINTIFF VS. EINSTEIN MEDICAL CENTER
## CORPORATE LIABILITY

62.    Paragraphs 1 through 61 are incorporated herein by reference as though fully set forth.

63.    Acting through its administrators, various boards, committees and individuals, Defendant is responsible for the standard of professional practice by members of its staff in the manner set forth.

64.    Defendant had a duty and responsibility to its patients and to the public to furnish appropriate and competent medical care.

65.    As part of it's duties and responsibilities, defendant had an obligation to establish policies and procedures and have competent medical and nursing people who will insure the appropriate quality of medical care as conducted within the institution.

66.    Defendant had an obligation to establish proper treatment on individuals having problems such as those presented by plaintiff.

67.    Defendants had an obligation to establish proper treatment on individuals having problems such as those presented by plaintiff as set forth herein.

68.    Defendant had actual or constructive knowledge of the defect of procedures which led to plaintiff's injuries as hereinbefore set forth.

69.     Defendant failed to establish proper protocols to ensure the care and treatment of individuals such as plaintiff.

70.     Defendant failed to have a facility capable of treating individuals who present with symptoms such as those of plaintiff.

71.     Defendant is liable for the acts as aforesaid as a matter of corporate liability.

72.     As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 24 through 28 which are incorporated herein by reference.

**WHEREFORE**, Plaintiff, demands damages against defendants, Einstein Medical Center and Einstein Healthcare Network, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT VIII
## PLAINTIFF, VS. DEFENDANTS,
## TEMPLE UNIVERSITY HOSPITAL AND
## TEMPLE UNIVERSITY HEALTH SYSTEM, INC
## <u>NEGLIGENCE</u>

73.     Paragraphs 1 through 72 are incorporated herein as though fully set forth.

74.     Plaintiff was treated at Temple for wound care following discharge from Einstein

75.     Defendants failed to recognize or diagnose the problem the scope of the problem or its cause ultimately resulting in stopping treatment until surgery was ultimately necessary.

76.     The negligence, carelessness, recklessness and/or omissions of defendant, acting as aforesaid, consisted, *inter alia* of the following:

   a)     failing to properly treat plaintiff by not recognizing the extent of the condition of plaintiff;

   b)     failing to timely recognize the extent of the plaintiff's illness;

   c)     failing to provide adequate counseling and advice to the plaintiff;

d)    failing to properly recognize plaintiff's symptomotology so that treatment was stopped despite plaintiff still suffering from an infection;

e)    Failure to take a proper history which would have disclosed the cause and nature of plaintiff's condition;

f)    failure to communicate with plaintiffs in an appropriate manner.

g)    having improper and inadequate policies and procedures;

h)    failure to develop a proper care plan to properly provide treatment to plaintiff so that treatment was stopped despite plaintiff still suffering from an infection;;

i)    failing to use the required amount of skill in the performance and administration of their duties and responsibilities  and particularly failing to devote the resources necessary to properly care for plaintiff;

j)    failure to properly train and supervise the staff.

77.    As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 24 through 28 which are incorporated herein by reference.

**WHEREFORE**,  Plaintiff, demands damages against defendants, Temple University Hospital and Temple University Health System, Inc., in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT IX
## PLAINTIFF VS. TEMPLE UNIVERSITY HOSPITAL AND TEMPLE UNIVERSITY HEALTH SYSTEM, INC
### VICARIOUS LIABILITY

78.    Paragraphs 1 through 77 are incorporated herein by reference as though fully set

forth.

79.     The aforementioned technicians, physicians, nursing staff and other attending personnel and support staff to be determined during discovery were under the supervision and control of the corporate defendants and were required to adhere to the policies, procedures and regulations promulgated by said defendants.

80     At all times relevant thereto, the technicians, physicians, nursing staff and other attending personnel and support staff to be determined during discovery were acting within the scope of their employment as agents, servants, employees, directors or officers of said defendants.

81.     Said defendants are vicariously liable for the acts, commissions, or omissions of the attending technicians, physicians, nursing staff and other support staff as fully as though the aforementioned physicians performed the acts or omissions themselves.

82.     As a result of the negligence of defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 24 through 28 which are incorporated herein by reference.

**WHEREFORE**,   Plaintiff, demands damages against defendants, Temple University Hospital and Temple University Health System, Inc., in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT X
### PLAINTIFF VS. TEMPLE UNIVERSITY HOSPITAL
### CORPORATE LIABILITY

83.     Paragraphs 1 through 82 are incorporated herein by reference as though fully set forth.

84.     Acting through its administrators, various boards, committees and individuals,

Defendant is responsible for the standard of professional practice by members of its staff in the manner set forth.

85.    Defendant had a duty and responsibility to its patients and to the public to furnish appropriate and competent medical care.

86.    As part of it's duties and responsibilities, defendant had an obligation to establish policies and procedures and have competent medical and nursing people who will insure the appropriate quality of medical care as conducted within the institution.

87.    Defendant had an obligation to establish proper treatment on individuals having problems such as those presented by plaintiff.

88.    Defendant had an obligation to establish proper treatment on individuals having problems such as those presented by plaintiff as set forth herein.

89.    Defendant had actual or constructive knowledge of the defect of procedures which led to plaintiff's injuries as hereinbefore set forth.

90.    Defendant failed to establish proper protocols to ensure the care and treatment of individuals such as plaintiff.

91.    Defendant failed to have a facility capable of treating individuals who present with symptoms such as those of plaintiff.

92.    Defendant is liable for the acts as aforesaid as a matter of corporate liability.

93    As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 24 through 28 which are incorporated herein by reference.

**WHEREFORE**,   Plaintiff, demands damages against defendant, Temple University Hospital, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

                              \s\James R. Radmore
                              JAMES R. RADMORE, ESQUIRE
                              Attorney for plaintiff          Case ID: 181003653

## VERIFICATION

JAMES R. RADMORE, ESQUIRE, hereby states that he is the attorney for the Plaintiff(s) in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. 4940 relating to unsworn falsification to authorities.

\s\James R. Radmore
JAMES R. RADMORE, ESQUIRE

**THE RADMORE FIRM, LLC**
**BY:  JAMES R. RADMORE, ESQUIRE**
**Identification:  36649**
**Two Penn Center, Suite 520**
**1500 J.F.K. Boulevard**
**Philadelphia, PA  19102**
**(215) 568-9900**
jrr@radmore.net; msh@radmore.net                       **Attorney for Plaintiff(s)**

| | | |
|---|---|---|
| KENYOCK WRIGHT | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | |
| vs | : | |
| | : | |
| THE ROHO GROUP | : | |
| and | : | |
| ROHO, INC. | : | |
| and | : | |
| EINSTEIN MEDICAL CENTER | : | |
| and | : | |
| EINSTEIN HEALTHCARE NETWORK | : | |
| and | : | |
| TEMPLE UNIVERSITY HOSPITAL | : | |
| and | : | |
| TEMPLE UNIVERSITY | : | |
| HEALTH SYSTEM, INC. | : | NO.  181003653 |

## CERTIFICATE OF SERVICE

I JAMES R. RADMORE, ESQUIRE hereby certify that a copy of Plaintiff's Complaint was

filed electronically on January 4, 2019 and is now available for viewing and downloading from the

Court's Electronic Case Filing System by Joseph G. Zack, Esquire, Edward J. McGinn, Jr., Esquire

and Caitlin E. McCauley, Esquire, attorney's for the defendants.

THE RADMORE FIRM, LLC

BY:   \s\James R. Radmore
          JAMES R. RADMORE, ESQUIRE

# Exhibit "B"

MAJOR NON-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

THE RADMORE FIRM, LLC
BY:  JAMES R. RADMORE, ESQUIRE
Identification: 36649
Two Penn Center, Suite 520
1500 J.F.K. Boulevard
Philadelphia, PA  19102
(215) 568-9900
jrr@radmore.net; msh@radmore.net

*Filed and Attested by the*
*Office of Judicial Records*
*14 FEB 2019 08:05 pm*
*M. RUSSO*

Attorney for Plaintiff(s)

| | | |
|---|---|---|
| KENYOCK WRIGHT<br>5011 Wissahickon Avenue<br>Philadelphia, PA  19144 | : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs | : <br> : <br> : | OCTOBER TERM,  2018 |
| THE ROHO GROUP, INC.<br>4064 Technology Drive<br>Maumee, OH   43537<br>        and | : <br> : <br> : <br> : | |
| ROHO, INC.<br>100 Florida Avenue<br>Belleville, IL   62221<br>        and | : <br> : <br> : <br> : | NO. 03653 |
| EINSTEIN MEDICAL CENTER<br>5501 Old York Road<br>Philadelphia, PA  19141<br>        and | : <br> : <br> : <br> : | |
| EINSTEIN HEALTHCARE NETWORK<br>5501 Old York Rd<br>Philadelphia, PA 19141<br>        and | : <br> : <br> : <br> : | |
| TEMPLE UNIVERSITY HOSPITAL<br>3401 North Broad Street<br>Philadelphia, PA  19140<br>        and | : <br> : <br> : <br> : | |
| TEMPLE UNIVERSITY<br>HEALTH SYSTEM, INC.<br>3509 North Broad Street, 9th Floor Boyer<br>Philadelphia, PA  19140 | : <br> : <br> : <br> : | |

Case ID: 181003653

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania  19107
Telephone:  215-238-6333
TTY:  215-451-6197

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de piazo al partir de la fecha de la demanda y la notificacion. Hace falte asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Adamas, la cortes puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros defechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania  19107
Telephone:  215-238-6333
TTY:  215-451-6197

## CIVIL ACTION AMENDED COMPLAINT
## PRODUCTS LIABILITY AND MEDICAL MALPRACTICE

1.     Plaintiff, Kenyock Wright, is an adult residing at 5011 Wissahickon Avenue, Philadelphia, PA 19444.

2.     Defendant, The Roho Group, Inc. is a corporation authorized to do business in the Commonwealth of Pennsylvania with its principal place of business at 4064 Technology Drive, Maumee, OH  43537.

3.     Defendant, Roho, Inc, is a corporation authorized to do business in the Commonwealth of Pennsylvania with its principal place of business at 100 Florida Avenue, Belleville, IL 62221.

4.     Defendant, Einstein Medical Center, is a non-profit corporation duly organized under the laws of the Commonwealth of Pennsylvania with a principal place of business as listed above and provides healthcare services to the public.

5.     Defendant, Albert Einstein Healthcare Network, is a non-profit corporation duly organized under the laws of the Commonwealth of Pennsylvania with a principal place of business as listed above and provides healthcare services to the public.

6.     Defendant, Temple University Hospital, is a part of defendant, Temple University Health System with a principal place of business as listed above; and engages in the business of providing health care and services to the public.

7.     Defendant, Temple University Health System is a corporation duly organized under the laws of the Commonwealth of Pennsylvania and engages in the business of providing health care and services to the public.

8.     At all times relevant, plaintiff was a paraplegic and confined to a wheelchair.

9.     Plaintiff did not have feeling below the waist.

10.    As a result, plaintiff purchased a wheelchair cushion.

11.    Said cushion was manufactured and sold by defendants, Roho Group and Roho, Inc.

12.    Said cushion is inflated by air and contains an air valve for that purpose.

13.    The air valve is designed so it protrudes from the cushion

14.    Because of the lack of feeling, plaintiff was unaware of the protrusion and thus the air valve continued to cut into plaintiff's body for an extended period of time..

15.    Neither the packing nor the cushion itself contained any warning although defendant, Roho, knew or should have known that this product would be used by paraplegics and others with lack of feeling below the waist.

16.    Plaintiff ultimately became aware of the condition in his derriere and sought treatment at defendant, Einstein.

17.    On October 28, 2016, Einstein finally diagnosed an infection.

18.    It was not until this diagnosis that plaintiff learned the air valve had caused the puncture and infection in his derriere.

19.    Despite the serious condition with which plaintiff was admitted, it was not until a week later on October 28, 2016 that Einstein diagnosed and treated his condition.

20.    Plaintiff did not discover the defective design causing the air valve to puncture his in the wheelchair pillow until being advised by defendant, Einstein that this was the cause on October 28, 2016.

21.    Plaintiff was discharged from Einstein with a wound on his rear and was in need of wound treatment.

22.    Plaintiff sought wound treatment from defendant, Temple.

23.    Plaintiff was treated both at Temple and with home care.

24.    Plaintiff was also prescribed antibiotics.

25.    Plaintiff's wound failed to improve but nonetheless, Temple ceased treatment including medication.

26.    The negligence of the defendants, including the substandard care, and the deviations from appropriate standards of care by defendants caused the injuries and losses as set forth herein

27.    As a result of the negligence of Defendants, plaintiff required a biopsy and additional inpatient treatment but continues to suffer from the effects of the wound including noxious odors emanating from the wound. Plaintiff further is suffering from fever and pain all of which has caused psychological issues, mood swings, depression, loss of memory and other physical and mental changes and will require numerous procedures in order to treat these conditions.

28.    Defendants' negligence as set forth herein has subjected plaintiff to a substantial increased risk of harm as well as other serious and permanent injuries.

29.    By reason of the injuries sustained, plaintiff has been and may in the future continue to be required to expend various sums of money for medicine and medical treatment in and about endeavoring to treat and cure himself of his injuries.

30.    By reason of the injuries sustained, plaintiff has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to his daily duties, functions and occupation, all to his great damage and loss.

31.    The negligence and carelessness of defendants and its employees and agents was a substantial factor in bringing about plaintiff's injuries and losses and a factual cause of plaintiffs injuries and losses.

## COUNT I
## PLAINTIFF VS. DEFENDANTS,
## THE ROHO GROUP, INC. AND ROHO, INC.
## STRICT LIABILITY

32.   Paragraphs 1 through 31 are incorporated herein as though fully set forth.

33.   The wheelchair cushion manufactured and sold by the Roho defendants was defective and unreasonably dangerous to foreseeable users and consumers, including plaintiff, in one or more of the following ways:

   a.   The cushion was defectively designed so as to create a risk of serious injury under normal use;

   b.   The cushion was defectively designed to create a dangerous condition to those who defendants knew or should have known, would lack feeling below the waist;

   c.   The cushion was defectively manufactured;

   d.      The cushion was defective and unreasonably dangerous in the absence of adequate warnings or instructions, and defendant failed to provide such warnings or instructions;

   e.   The Roho Defendants failed to adequately test the cushion;

   f.   The Roho defendants failed to provide timely and adequate post-marketing warnings and instructions after they knew of the risk of injury from the cushion and in particular to paraplegic individuals in need of the cushion but unable feel sensation below the waist;.

   g.   The cushion was dangerous beyond the reasonable contemplation of plaintiff, a reasonable consumer of this particular product;

   h.   The cushion carried a surprise element of danger in that there was no warning as to the risk of the air valve protruding from the cushion.

34.   At the time it was used for its intended purpose by plaintiff, the cushion were in the same or similar condition as when it left the possession of the Roho defendants.

35.   The cushion was not misused or materially altered.

36.     The cushion was used in a way that was foreseeable to the Roho defendants and, in particular, for those in need of a wheelchair.

37.     As a result of the strict liability of the Roho defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 26 through 31 which are incorporated herein by reference.

WHEREFORE, plaintiff, demands judgment against defendants The Roho Group, Inc. and Roho, Inc. in an amount in excess in $50,000.00.

## COUNT II
## PLAINTIFF VS. DEFENDANTS,
## THE ROHO GROUP, INC. AND ROHO, INC.
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

38.     Plaintiff incorporates paragraphs 1 through 37 of the Complaint as if set out here in full.

39.     The Roho defendants warranted that the cushion was merchantable and fit for the ordinary purposes for which it was intended.

40.     Members of the public, including plaintiff, were intended third party beneficiaries of the warranty.

41.     The cushion was not merchantable and fit for its ordinary purpose, because it contained a defect including the air valve capable of piercing the skin of users and particularly individuals such as plaintitff who is paraplegic so that it would no longer be usable for the purposes for which it was sold and could cause injury to intended users of the product.

42.     Plaintiff reasonably relied on the Roho defendants implied representations that the cushion was merchantable and fit for the ordinary purposes for which it was intended.

43.     As a result of the breach of the implied warranty of merchantability of the Roho

defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs

26 through 31 which are incorporated herein by reference.

WHEREFORE, plaintiff, demands judgment against defendants The Roho Group,

Inc. and Roho, Inc. in an amount in excess in $50,000.00.

### COUNT III
### PLAINTIFF VS. DEFENDANTS,
### THE ROHO GROUP, INC. AND ROHO, INC.
### BREACH OF IMPLIED WARRANTY OF FITNESS FOR THE PURPOSE

44.     Plaintiff incorporates paragraphs 1 through 43 of the Complaint as if set out

here in full.

45.     The Roho defendants sold the cushion with an implied warranty that they were

fit for the particular purpose of extra comfort and support which was of particular appeal and

necessity to an individual suffering from the paraplegic condition from which plaintiff suffered.

46.     Members of the public, including plaintiff, were intended third party

beneficiaries of the warranty.

47.     The cushion were not fit for the particular purpose because it was defective in that

it contained an air valve which protruded from the cushion rendering it no longer  usable for the

purposes for which it was sold and could cause injury to intended users of the product and particularly

those suffering from disabilities such as plaintiff.

48.     Plaintiff reasonably relied on the Roho defendants implied representations that

the cushion was fit for the particular purpose for which it was sold

49.    As a result of the breach of the implied warranty of fitness for the purpose of the Roho defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 26 through 31 which are incorporated herein by reference.

WHEREFORE, plaintiff, demands judgment against defendants The Roho Group and Roho, Inc. in an amount in excess in $50,000.00.

## COUNT IV
## PLAINTIFF VS. DEFENDANTS,
## THE ROHO GROUP, INC. AND ROHO, INC.
## NEGLIGENCE

50.    Plaintiff incorporates paragraphs 1 through 49 of the Complaint as if set out here in full.

51.    The Roho defendants had a duty to exercise reasonable care in the manufacture, marketing, sale and distribution of the cushion.

52.    The Roho defendants breached and acted in reckless disregard of its duty in:

   a.    failing to use due care in designing the cushion so that they permitted ;

   b.    failing to use due care in manufacturing the cushion;

   c.    failing to provide adequate warnings, training, or instructions with the cushion;

   d.    failing to adequately test the cushion; and

   e.    failing to provide timely and adequate post-marketing warnings and instructions after they knew of the risk of injury from normal use of the cushion as a result of the air valve which protruded from the cushion;

   f.    failing to adequately test the cushion;

53.    As a result of the breach of the negligence of the Roho defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 26 through 31 which are incorporated herein by reference.

WHEREFORE, plaintiff, demands judgment against defendants The Roho Group and Roho, Inc. in an amount in excess in $50,000.00.

## COUNT V
### PLAINTIFF, VS. DEFENDANTS,
### EINSTEIN MEDICAL CENTER AND EINSTEIN HEALTHCARE NETWORK
### NEGLIGENCE

54.    Paragraphs 1 through 53 are incorporated herein as though fully set forth.

55.    Plaintiff was admitted to the Einstein defendants, for treatment of the wound caused by the Roho defendants.

56.    Defendants failed to recognize or diagnose the problem or its cause until October 28, 2016.

57.   The negligence, carelessness, recklessness and/or omissions of defendant, acting as aforesaid, consisted, *inter alia* of the following:

a)    failing to properly treat plaintiff by not recognizing the extent of the condition of plaintiff;

b)    failing to timely recognize the extent of the plaintiff's illness;

c)    failing to provide adequate counseling and advice to the plaintiff;

d)    failing to properly recognize plaintiff's symptomotology so that he was discharged while still requiring inpatient treatment;

e)    Failure to take a proper history which would have disclosed the cause and nature of plaintiff's condition;

f)     failure to communicate with plaintiffs in an appropriate manner.

g)     having improper and inadequate policies and procedures;

h)     failure to develop a proper care plan to properly provide treatment to plaintiff;

I)      failing to use the required amount of skill in the performance and administration of their duties and responsibilities  and particularly failing to devote the resources necessary to properly care for plaintiff;

k)     failure to properly train and supervise the staff.

58.     As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 26 through 31 which are incorporated herein by reference.

**WHEREFORE**,  Plaintiff, demands damages against defendants, Einstein Medical Center and Einstein Healthcare Network, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT VI
### PLAINTIFF VS. EINSTEIN MEDICAL CENTER
### AND EINSTEIN HEALTHCARE NETWORK
### VICARIOUS LIABILITY

59.     Paragraphs 1 through 58 are incorporated herein by reference as though fully set forth.

60.     The aforementioned technicians, physicians, nursing staff and other attending personnel and support staff to be determined during discovery were under the supervision and control of the corporate defendants and were required to adhere to the policies, procedures and regulations promulgated by said  defendants.

61.     At all times relevant thereto, the technicians, physicians, nursing staff and other

attending personnel and support staff to be determined during discovery were acting within the scope of their employment as agents, servants, employees, directors or officers of said defendants.

62.     Said defendants are vicariously liable for the acts, commissions, or omissions of the attending technicians, physicians, nursing staff and other support staff as fully as though the aforementioned physicians performed the acts or omissions themselves.

63.     As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 26 through 31 which are incorporated herein by reference.

**WHEREFORE**, Plaintiff, demands damages against defendants, Einstein Medical Center and Einstein Healthcare Network, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT VII
## PLAINTIFF VS. EINSTEIN MEDICAL CENTER
## CORPORATE LIABILITY

64.     Paragraphs 1 through 63 are incorporated herein by reference as though fully set forth.

65.     Acting through its administrators, various boards, committees and individuals, Defendant is responsible for the standard of professional practice by members of its staff in the manner set forth.

66.      Defendant  had a duty and responsibility to its patients and to the public to furnish appropriate and competent medical care.

67.     As part of it's duties and responsibilities, defendant had an obligation to establish policies and procedures and have competent medical and nursing people who will insure the appropriate quality of medical care as conducted within the institution.

68.    Defendant had an obligation to establish proper treatment on individuals having problems such as those presented by plaintiff.

69.    Defendants had an obligation to establish proper treatment on individuals having problems such as those presented by plaintiff as set forth herein.

70.    Defendant had actual or constructive knowledge of the defect of procedures which led to plaintiff's injuries as hereinbefore set forth.

71.    Defendant failed to establish proper protocols to ensure the care and treatment of individuals such as plaintiff.

72.    Defendant failed to have a facility capable of treating individuals who present with symptoms such as those of plaintiff.

73.    Defendant is  liable for the acts as aforesaid as a matter of corporate liability.

74.    As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 26 through 31 which are incorporated herein by reference.

**WHEREFORE**,  Plaintiff, demands damages against defendants, Einstein Medical Center and Einstein Healthcare Network, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT VIII
### PLAINTIFF, VS. DEFENDANTS,
### TEMPLE UNIVERSITY HOSPITAL AND
### TEMPLE UNIVERSITY HEALTH SYSTEM, INC
### NEGLIGENCE

75.    Paragraphs 1 through 74 are incorporated herein as though fully set forth.

76.     Plaintiff was treated at Temple for wound care following discharge from Einstein

77.    Defendants failed to recognize or diagnose the problem the scope of the problem or its cause ultimately resulting in stopping treatment until surgery was ultimately necessary.

78.    The negligence, carelessness, recklessness and/or omissions of defendant, acting as aforesaid, consisted, *inter alia* of the following:

a)    failing to properly treat plaintiff by not recognizing the extent of the condition of plaintiff;

b)    failing to timely recognize the extent of the plaintiff's illness;

c)    failing to provide adequate counseling and advice to the plaintiff;

d)    failing to properly recognize plaintiff's symptomotology so that treatment was stopped despite plaintiff still suffering from an infection;

e)    Failure to take a proper history which would have disclosed the cause and nature of plaintiff's condition;

f)    failure to communicate with plaintiffs in an appropriate manner.

g)    having improper and inadequate policies and procedures;

h)    failure to develop a proper care plan to properly provide treatment to plaintiff so that treatment was stopped despite plaintiff still suffering from an infection;;

I)    failing to use the required amount of skill in the performance and administration of their duties and responsibilities  and particularly failing to devote the resources necessary to properly care for plaintiff;

k)    failure to properly train and supervise the staff.

79.    As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 26 through 31 which are incorporated herein by reference.

**WHEREFORE**, Plaintiff, demands damages against defendants, Temple University Hospital and Temple University Health System, Inc., in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT IX
## PLAINTIFF VS. TEMPLE UNIVERSITY HOSPITAL AND TEMPLE UNIVERSITY HEALTH SYSTEM, INC VICARIOUS LIABILITY

80.     Paragraphs 1 through 79 are incorporated herein by reference as though fully set forth.

81.     The aforementioned technicians, physicians, nursing staff and other attending personnel and support staff to be determined during discovery were under the supervision and control of the corporate defendants and were required to adhere to the policies, procedures and regulations promulgated by said  defendants.

82     At all times relevant thereto, the technicians, physicians, nursing staff and other attending personnel and support staff to be determined during discovery were acting within the scope of their employment as agents, servants, employees, directors or officers of said defendants.

83.     Said defendants are vicariously liable for the acts, commissions, or omissions of the attending technicians, physicians, nursing staff and other support staff as fully as though the aforementioned physicians performed the acts or omissions themselves.

84.     As a result of the negligence of defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 26 through 31 which are incorporated herein by reference.

Case ID: 181003653

**WHEREFORE,** Plaintiff, demands damages against defendants, Temple University Hospital and Temple University Health System, Inc., in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT X**
**PLAINTIFF VS. TEMPLE UNIVERSITY HOSPITAL**
**CORPORATE LIABILITY**

85.     Paragraphs 1 through 84 are incorporated herein by reference as though fully set forth.

86.     Acting through its administrators, various boards, committees and individuals, Defendant is responsible for the standard of professional practice by members of its staff in the manner set forth.

87.      Defendant had a duty and responsibility to its patients and to the public to furnish appropriate and competent medical care.

88.     As part of it's duties and responsibilities, defendant had an obligation to establish policies and procedures and have competent medical and nursing people who will insure the appropriate quality of medical care as conducted within the institution.

89.     Defendant had an obligation to establish proper treatment on individuals having problems such as those presented by plaintiff.

90.      Defendant had an obligation to establish proper treatment on individuals having problems such as those presented by plaintiff as set forth herein.

91.     Defendant had actual or constructive knowledge of the defect of procedures which led to plaintiff's injuries as hereinbefore set forth.

92.     Defendant failed to establish proper protocols to ensure the care and treatment of individuals such as plaintiff.

93.     Defendant failed to have a facility capable of treating individuals who present with symptoms such as those of plaintiff.

94.     Defendant is liable for the acts as aforesaid as a matter of corporate liability.

95      As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 24 through 28 which are incorporated herein by reference.

**WHEREFORE,** Plaintiff, demands damages against defendant, Temple University Hospital, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.


\s\James R. Radmore
JAMES R. RADMORE, ESQUIRE
Attorney for plaintiff

Case ID: 181003653

## VERIFICATION

JAMES R. RADMORE, ESQUIRE, hereby states that he is the attorney for the Plaintiff(s) in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. 4940 relating to unsworn falsification to authorities.

\s\James R. Radmore
JAMES R. RADMORE, ESQUIRE

**THE RADMORE FIRM, LLC**
**BY:  JAMES R. RADMORE, ESQUIRE**
**Identification: 36649**
**Two Penn Center, Suite 520**
**1500 J.F.K. Boulevard**
**Philadelphia, PA  19102**
**(215) 568-9900**
**jrr@radmore.net; msh@radmore.net**                    **Attorney for Plaintiff(s)**

| | | |
|---|---|---|
| **KENYOCK WRIGHT** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| | : | |
| **vs** | : | |
| | : | |
| **THE ROHO GROUP** | : | |
| and | : | |
| **ROHO, INC.** | : | |
| and | : | |
| **EINSTEIN MEDICAL CENTER** | : | |
| and | : | |
| **EINSTEIN HEALTHCARE NETWORK** | : | |
| and | : | |
| **TEMPLE UNIVERSITY HOSPITAL** | : | |
| and | : | |
| **TEMPLE UNIVERSITY** | : | |
| **HEALTH SYSTEM, INC.** | : | **NO.  181003653** |

## CERTIFICATE OF SERVICE

I JAMES R. RADMORE, ESQUIRE hereby certify that a copy of Plaintiff's Amended

Complaint was filed electronically on February 14, 2019 and is now available for viewing and

downloading from the Court's Electronic Case Filing System by Joseph G. Zack, Esquire, Edward

J. McGinn, Jr., Esquire and Caitlin E. McCauley, Esquire, attorney's for the defendants.

THE RADMORE FIRM, LLC

BY:   \s\James R. Radmore
          JAMES R. RADMORE, ESQUIRE

Case ID: 181003653

# Exhibit "C"

MAJOR NON-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

**THE RADMORE FIRM, LLC**
**BY:  JAMES R. RADMORE, ESQUIRE**
Identification: 36649
Two Penn Center, Suite 520
1500 J.F.K. Boulevard
Philadelphia, PA   19102
(215) 568-9900
jrr@radmore.net; msh@radmore.net

Filed and Attested by the
Office of Judicial Records
27 MAR 2019 03:15 pm
M. RUSSO

**Attorney for Plaintiff(s)**

| | | |
|---|---|---|
| **KENYOCK WRIGHT** | : | **COURT OF COMMON PLEAS** |
| **5011 Wissahickon Avenue** | : | **PHILADELPHIA COUNTY** |
| **Philadelphia, PA   19144** | : | |
| | : | |
| | : | |
| **vs** | : | |
| | : | **OCTOBER TERM,  2018** |
| **THE ROHO GROUP, INC.** | : | |
| **4064 Technology Drive** | : | |
| **Maumee, OH   43537** | : | |
|       **and** | : | |
| **ROHO, INC.** | : | |
| **100 Florida Avenue** | : | **NO. 03653** |
| **Belleville, IL   62221** | : | |
|       **and** | : | |
| **EINSTEIN MEDICAL CENTER** | : | |
| **5501 Old York Road** | : | |
| **Philadelphia, PA   19141** | : | |
|       **and** | : | |
| **EINSTEIN HEALTHCARE NETWORK** | : | |
| **5501 Old York Rd** | : | |
| **Philadelphia, PA 19141** | : | |
|       **and** | : | |
| **TEMPLE UNIVERSITY HOSPITAL** | : | |
| **3401 North Broad Street** | : | |
| **Philadelphia, PA   19140** | : | |
|       **and** | : | |
| **TEMPLE UNIVERSITY** | : | |
| **HEALTH SYSTEM, INC.** | : | |
| **3509 North Broad Street, 9th Floor Boyer** | : | |
| **Philadelphia, PA   19140** | : | |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania  19107
Telephone:  215-238-6333
TTY: 215-451-6197

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de piazo al partir de la fecha de la demanda y la notificacion. Hace falte asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Adamas, la cortes puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros defechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania  19107
Telephone:  215-238-6333
TTY: 215-451-6197

## SECOND AMENDED CIVIL ACTION COMPLAINT
## PRODUCTS LIABILITY AND MEDICAL MALPRACTICE

1.     Plaintiff, Kenyock Wright, is an adult residing at 5011 Wissahickon Avenue, Philadelphia, PA 19444.

2.     Defendant, The Roho Group, Inc. is a corporation authorized to do business in the Commonwealth of Pennsylvania with its principal place of business at 4064 Technology Drive, Maumee, OH   43537.

3.     Defendant, Roho, Inc, is a corporation authorized to do business in the Commonwealth of Pennsylvania with its principal place of business at 100 Florida Avenue, Belleville, IL 62221.

4.     Defendant, Einstein Medical Center, is a non-profit corporation duly organized under the laws of the Commonwealth of Pennsylvania with a principal place of business as listed above and provides healthcare services to the public.

5.     Defendant, Albert Einstein Healthcare Network, is a non-profit corporation duly organized under the laws of the Commonwealth of Pennsylvania with a principal place of business as listed above and provides healthcare services to the public.

6.     Defendant, Temple University Hospital, is a part of defendant, Temple University Health System with a principal place of business as listed above; and engages in the business of providing health care and services to the public.

7.     Defendant, Temple University Health System is a corporation duly organized under the laws of the Commonwealth of Pennsylvania and engages in the business of providing health care and services to the public.

8.     At all times relevant, plaintiff was a paraplegic and confined to a

wheelchair.

    9.     Plaintiff did not have feeling below the waist.

    10.    As a result, plaintiff was prescribed and provided with a cushion for the wheelchair.

    11.    Specifically, plaintiff was provided with a Roho Cushion, 18" x 20" High Profile Cushion 1R1011C.

    12.    Said cushion was manufactured and sold by defendants, Roho Group and Roho, Inc.

    13.    The Roho Group specifically markets that over the years, The Roho Group has earned a reputation for producing the highest quality and best performing wheelchair cushioning products available.

    14.    The manual which comes with the product states "ROHO® Cushioning Products are manufactured in the U.S.A. for The ROHO Group, Inc...." A copy of the manual is attached hereto and marked Exhibit "A".

    15.    The product contained a limited warranty which read:

"ROHO, Inc. covers any defects in materials or workmanship of the product. Any substitutions of supplied hardware will void the warranty."


    16.    Said cushion is inflated by air and contains an air valve for that purpose.

    17.    The air valve is designed so it protrudes from the cushion

    18.    The air valve did not include a cap or cover for the valve.

    19.    Because of the lack of feeling, plaintiff was unaware of the protrusion and thus the air valve continued to cut into plaintiff's body for an extended period of time..

Case ID: 181003653

20.     Neither the packing nor the cushion itself contained any warning although defendant, Roho, knew or should have known that this product would be used by paraplegics and others with lack of feeling below the waist.

21.     The continued use of the cushion led to an infection plaintiff's derriere.

22.     Plaintiff ultimately became aware of the condition in his derriere and sought treatment at defendant, Einstein in October 2016..

23.     On October 28, 2016, Einstein finally diagnosed the infection.

24.     It was not until this diagnosis that plaintiff learned the uncapped air valve had caused the puncture and infection in his derriere.

25.     Despite the serious condition with which plaintiff was admitted, it was not until a week later on October 28, 2016 that Einstein diagnosed and treated his condition.

26.     Plaintiff did not discover the defective design causing the air valve to puncture his derriere in the wheelchair pillow until being advised by defendant, Einstein that this was the cause on October 28, 2016.  Plaintiff had not been able to feel the air valve cutting into his body.

27.     Plaintiff was discharged from Einstein with a wound on his rear and was in need of wound treatment.

28.     Plaintiff sought wound treatment from defendant, Temple.

29.     Plaintiff was treated both at Temple and with home care.

30.     Plaintiff was also prescribed antibiotics.

31.     Plaintiff's wound failed to improve but nonetheless, Temple ceased treatment including medication.

32.     The negligence of the defendants, including the substandard care, and the

deviations from appropriate standards of care by defendants caused the injuries and losses as set forth herein

33.    As a result of the negligence of Defendants, plaintiff required a biopsy and additional inpatient treatment but continues to suffer from the effects of the wound including noxious odors emanating from the wound. Plaintiff further is suffering from fever and pain all of which has caused psychological issues, mood swings, depression, loss of memory and other physical and mental changes and will require numerous procedures in order to treat these conditions.

34.    Defendants' negligence as set forth herein has subjected plaintiff to a substantial increased risk of harm as well as other serious and permanent injuries.

35.    By reason of the injuries sustained, plaintiff has been and may in the future continue to be required to expend various sums of money for medicine and medical treatment in and about endeavoring to treat and cure himself of his injuries.

36.    By reason of the injuries sustained, plaintiff has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to his daily duties, functions and occupation, all to his great damage and loss.

37.    The negligence and carelessness of defendants and its employees and agents was a substantial factor in bringing about plaintiff's injuries and losses and a factual cause of plaintiffs injuries and losses.

## COUNT I
### PLAINTIFF VS. DEFENDANTS,
### THE ROHO GROUP, INC. AND ROHO, INC.
### STRICT LIABILITY

38.   Paragraphs 1 through 31 are incorporated herein as though fully set forth.

39.   The wheelchair cushion manufactured and sold by the Roho defendants was defective and unreasonably dangerous to foreseeable users and consumers, including plaintiff, in one or more of the following ways:

a.   The cushion was defectively designed so as to create a risk of serious injury under normal use;

b.   The cushion was defectively designed to create a dangerous condition to those who defendants knew or should have known, would lack feeling below the waist;

c.   The cushion was defectively manufactured;

d.   The cushion was defective and unreasonably dangerous in the absence of adequate warnings or instructions, and defendant failed to provide such warnings or instructions;

e.   The Roho Defendants failed to adequately test the cushion;

f.   The Roho defendants failed to provide timely and adequate post-marketing warnings and instructions after they knew of the risk of injury from the cushion and in particular to paraplegic individuals in need of the cushion but unable feel sensation below the waist;.

g.   The cushion was dangerous beyond the reasonable contemplation of plaintiff, a reasonable consumer of this particular product;

h.   The cushion carried a surprise element of danger in that there was no warning as to the risk of the air valve protruding from the cushion;

i.   The air valve itself was designed without a cap so it would puncture the skin of anyone withwhom the valve came in continued contact;

j.   Not placing a safe cap or other covering on the air valve when defendants knew, or should have known the cushion would be used by paraplegic individuals who has no sense of feeling in the affected areas.

40.   At the time it was used for its intended purpose by plaintiff, the cushion were in the same or similar condition as when it left the possession of the Roho defendants.

Case ID: 181003653

41.    The cushion was not misused or materially altered.

42.    The cushion was used in a way that was foreseeable to the Roho defendants and, in particular, for those in need of a wheelchair.

43.    As a result of the strict liability of the Roho defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 33 through 37 which are incorporated herein by reference.

WHEREFORE, plaintiff, demands judgment against defendants The Roho Group, Inc. and Roho, Inc. in an amount in excess in $50,000.00.

## COUNT II
### PLAINTIFF VS. DEFENDANTS,
### THE ROHO GROUP, INC. AND ROHO, INC.
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

44.    Plaintiff incorporates paragraphs 1 through 37 of the Complaint as if set out here in full.

45.    The Roho defendants warranted that the cushion was merchantable and fit for the ordinary purposes for which it was intended.

46.    Members of the public, including plaintiff, were intended third party beneficiaries of the warranty.

47.    The cushion was not merchantable and fit for its ordinary purpose, because it contained a defect including the air valve that was uncapped and capable of piercing the skin of users and particularly individuals such as plaintiff who is paraplegic so that it would no longer be usable for the purposes for which it was sold and could cause injury to intended users of the product.

48.    Plaintiff reasonably relied on the Roho defendants implied representations that

the cushion was merchantable and fit for the ordinary purposes for which it was intended.

49.     As a result of the breach of the implied warranty of merchantability of the Roho defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 33 through 37 which are incorporated herein by reference.

WHEREFORE, plaintiff, demands judgment against defendants The Roho Group, Inc. and Roho, Inc. in an amount in excess in $50,000.00.

## COUNT III
### PLAINTIFF VS. DEFENDANTS,
### THE ROHO GROUP, INC. AND ROHO, INC.
### BREACH OF IMPLIED WARRANTY OF FITNESS FOR THE PURPOSE

50.     Plaintiff incorporates paragraphs 1 through 49 of the Complaint as if set out here in full.

51.     The Roho defendants sold the cushion with an implied warranty that they were fit for the particular purpose of extra comfort and support which was of particular appeal and necessity to an individual suffering from the paraplegic condition from which plaintiff suffered.

52.     Members of the public, including plaintiff, were intended third party beneficiaries of the warranty.

53.     The cushion were not fit for the particular purpose because it was defective in that it contained an air valve which protruded from the cushion and was uncapped rendering it no longer usable for the purposes for which it was sold and could cause injury to intended users of the product and particularly those suffering from disabilities such as plaintiff.

54.     Plaintiff reasonably relied on the Roho defendants implied representations that the cushion was fit for the particular purpose for which it was sold

55.     As a result of the breach of the implied warranty of fitness for the purpose of the Roho

defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in

paragraphs 33 through 37 which are incorporated herein by reference.

WHEREFORE, plaintiff, demands judgment against defendants The Roho Group and

Roho, Inc. in an amount in excess in $50,000.00.

## COUNT IV
## PLAINTIFF VS. DEFENDANTS,
## THE ROHO GROUP, INC. AND ROHO, INC.
## NEGLIGENCE

56.     Plaintiff incorporates paragraphs 1 through 55 of the Complaint as if set out here in

full.

57.     The Roho defendants had a duty to exercise reasonable care in the

manufacture, marketing, sale and distribution of the cushion.

58.     The Roho defendants breached and acted in reckless disregard of its duty

in:

   a.   failing to use due care in designing the cushion so that they permitted an
        air valve that was both in a dangerous position and was uncapped ;

   b.   failing to use due care in manufacturing the cushion;

   c.   failing to provide adequate warnings, training, or instructions with the
        cushion;

   d.   failing to adequately test the cushion; and

   e.   failing to provide timely and adequate post-marketing warnings and instructions
        after they knew of the risk of injury from normal use of the cushion
        as a result of the air valve which protruded from the cushion;

   f.   failing to provide timely and    adequate post-marketing warnings and
        instructions after they knew of the  risk of injury from normal use of the

cushion for individuals for whom the cushions were designed including paraplegic individuals;

g.    failing to adequately test the cushion;

59.    As a result of the breach of the negligence of the Roho defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 33 through 37 which are incorporated herein by reference.

WHEREFORE, plaintiff, demands judgment against defendants The Roho Group and Roho, Inc. in an amount in excess in $50,000.00.

## COUNT V
## PLAINTIFF, VS. DEFENDANTS,
## EINSTEIN MEDICAL CENTER AND EINSTEIN HEALTHCARE NETWORK
## NEGLIGENCE

60.    Paragraphs 1 through 59 are incorporated herein as though fully set forth.

61.    Plaintiff was admitted to the Einstein defendants, for treatment of the wound caused by the Roho defendants.

62.    Defendants failed to recognize or diagnose the problem or its cause until October 28, 2016.

63.    The negligence, carelessness, recklessness and/or omissions of defendant, acting as aforesaid, consisted, *inter alia* of the following:

a)    failing to properly treat plaintiff by not recognizing the extent of the condition of plaintiff;

b)    failing to timely recognize the extent of the plaintiff's illness;

c)  failing to provide adequate counseling and advice to the plaintiff;

d)  failing to properly recognize plaintiff's symptomotology so that he was discharged while still requiring inpatient treatment;

e)  Failure to take a proper history which would have disclosed the cause and nature of plaintiff's condition;

f)  failure to communicate with plaintiffs in an appropriate manner.

g)  having improper and inadequate policies and procedures;

h)  failure to develop a proper care plan to properly provide treatment to plaintiff;

I)  failing to use the required amount of skill in the performance and administration of their duties and responsibilities   and particularly failing to devote the resources necessary to properly care for plaintiff;

k)  failure to properly train and supervise the staff.

64.   As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 33 through 37 which are incorporated herein by reference.

**WHEREFORE**, Plaintiff, demands damages against defendants, Einstein Medical Center and Einstein Healthcare Network, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT VI**
**PLAINTIFF VS. EINSTEIN MEDICAL CENTER**
**AND EINSTEIN HEALTHCARE NETWORK**
**VICARIOUS LIABILITY**

65.     Paragraphs 1 through 64 are incorporated herein by reference as though fully set forth.

66.     The aforementioned technicians, physicians, nursing staff and other attending personnel and support staff to be determined during discovery were under the supervision and control of the corporate defendants and were required to adhere to the policies, procedures and regulations promulgated by said defendants.

67.     At all times relevant thereto, the technicians, physicians, nursing staff and other attending personnel and support staff to be determined during discovery were acting within the scope of their employment as agents, servants, employees, directors or officers of said defendants.

68.     Said defendants are vicariously liable for the acts, commissions, or omissions of the attending technicians, physicians, nursing staff and other support staff as fully as though the aforementioned physicians performed the acts or omissions themselves.

69.     As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 33 through 37 which are incorporated herein by reference.

**WHEREFORE**, Plaintiff, demands damages against defendants, Einstein Medical Center and Einstein Healthcare Network, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

COUNT VII
PLAINTIFF VS. EINSTEIN MEDICAL CENTER
CORPORATE LIABILITY

70.     Paragraphs 1 through 69 are incorporated herein by reference as though fully set forth.

71.     Acting through its administrators, various boards, committees and individuals, Defendant is responsible for the standard of professional practice by members of its staff in the manner set forth.

72.     Defendant had a duty and responsibility to its patients and to the public to furnish appropriate and competent medical care.

73.     As part of it's duties and responsibilities, defendant had an obligation to establish policies and procedures and have competent medical and nursing people who will insure the appropriate quality of medical care as conducted within the institution.

74.     Defendant had an obligation to establish proper treatment on individuals having problems such as those presented by plaintiff.

75.     Defendants had an obligation to establish proper treatment on individuals having problems such as those presented by plaintiff as set forth herein.

76.     Defendant had actual or constructive knowledge of the defect of procedures which led to plaintiff's injuries as hereinbefore set forth.

77.     Defendant failed to establish proper protocols to ensure the care and treatment of individuals such as plaintiff.

78.     Defendant failed to have a facility capable of treating individuals who present with symptoms such as those of plaintiff.

79.     Defendant is liable for the acts as aforesaid as a matter of corporate liability.

80.    As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 33 through 37 which are incorporated herein by reference.

**WHEREFORE**, Plaintiff, demands damages against defendants, Einstein Medical Center and Einstein Healthcare Network, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT VIII
### PLAINTIFF, VS. DEFENDANTS,
### TEMPLE UNIVERSITY HOSPITAL AND
### TEMPLE UNIVERSITY HEALTH SYSTEM, INC
### NEGLIGENCE

81.    Paragraphs 1 through 80 are incorporated herein as though fully set forth.

82.    Plaintiff was treated at Temple for wound care following discharge from Einstein

83.    Defendants failed to recognize or diagnose the problem the scope of the problem or its cause ultimately resulting in stopping treatment until surgery was ultimately necessary.

84.    The negligence, carelessness, recklessness and/or omissions of defendant, acting as aforesaid, consisted, *inter alia* of the following:

a)    failing to properly treat plaintiff by not recognizing the extent of the condition of plaintiff;

b)    failing to timely recognize the extent of the plaintiff's illness;

c)    failing to provide adequate counseling and advice to the plaintiff;

d)    failing to properly recognize plaintiff's symptomotology so that treatment was stopped despite plaintiff still suffering from an infection;

e)    Failure to take a proper history which would have disclosed the cause and nature of plaintiff's condition;

f)    failure to communicate with plaintiffs in an appropriate manner.

g)   having improper and inadequate policies and procedures;

h)   failure to develop a proper care plan to properly provide treatment to plaintiff so that treatment was stopped despite plaintiff still suffering from an infection;;

I)   failing to use the required amount of skill in the performance and administration of their duties and responsibilities and particularly failing to devote the resources necessary to properly care for plaintiff;

k)   failure to properly train and supervise the staff.

85.   As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 33 through 37 which are incorporated herein by reference.

**WHEREFORE**, Plaintiff, demands damages against defendants, Temple University Hospital and Temple University Health System, Inc., in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT IX
## PLAINTIFF VS. TEMPLE UNIVERSITY HOSPITAL AND TEMPLE UNIVERSITY HEALTH SYSTEM, INC
## VICARIOUS LIABILITY

86.   Paragraphs 1 through 85 are incorporated herein by reference as though fully set forth.

87.   The aforementioned technicians, physicians, nursing staff and other attending personnel and support staff to be determined during discovery were under the supervision and control of the corporate defendants and were required to adhere to the policies, procedures and regulations promulgated by said defendants.

Case ID: 181003653

88      At all times relevant thereto, the technicians, physicians, nursing staff and other attending personnel and support staff to be determined during discovery were acting within the scope of their employment as agents, servants, employees, directors or officers of said defendants.

89.      Said defendants are vicariously liable for the acts, commissions, or omissions of the attending technicians, physicians, nursing staff and other support staff as fully as though the aforementioned physicians performed the acts or omissions themselves.

90.      As a result of the negligence of defendants as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 33 through 37 which are incorporated herein by reference.

**WHEREFORE**,   Plaintiff, demands damages against defendants, Temple University Hospital and Temple University Health System, Inc., in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT X
## PLAINTIFF VS. TEMPLE UNIVERSITY HOSPITAL
## CORPORATE LIABILITY

91.      Paragraphs 1 through 90 are incorporated herein by reference as though fully set forth.

92.      Acting through its administrators, various boards, committees and individuals, Defendant is responsible for the standard of professional practice by members of its staff in the manner set forth.

93.      Defendant had a duty and responsibility to its patients and to the public to furnish appropriate and competent medical care.

Case ID: 181003653

94.     As part of it's duties and responsibilities, defendant had an obligation to establish policies and procedures and have competent medical and nursing people who will insure the appropriate quality of medical care as conducted within the institution.

95.     Defendant had an obligation to establish proper treatment on individuals having problems such as those presented by plaintiff.

96.     Defendant had an obligation to establish proper treatment on individuals having problems such as those presented by plaintiff as set forth herein.

97.     Defendant had actual or constructive knowledge of the defect of procedures which led to plaintiff's injuries as hereinbefore set forth.

98.     Defendant failed to establish proper protocols to ensure the care and treatment of individuals such as plaintiff.

99.     Defendant failed to have a facility capable of treating individuals who present with symptoms such as those of plaintiff.

100.    Defendant is liable for the acts as aforesaid as a matter of corporate liability.

101.    As a result of the negligence of defendant as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 33 through 37 which are incorporated herein by reference.

**WHEREFORE,**   Plaintiff, demands damages against defendant, Temple University Hospital, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.


\s\James R. Radmore
JAMES R. RADMORE, ESQUIRE
Attorney for plaintiff

VERIFICATION

JAMES R. RADMORE, ESQUIRE, hereby states that he is the attorney for the Plaintiff(s)

in this action and verifies that the statements made in the foregoing pleading are true and correct to

the best of his knowledge, information and belief.  The undersigned understands that the statements

therein are made subject to the penalties of 18 Pa. C.S. 4940 relating to unsworn falsification to

authorities.

                      /s/James R. Radmore
                      JAMES R. RADMORE, ESQUIRE

Case ID: 181003653

THE RADMORE FIRM, LLC
BY: JAMES R. RADMORE, ESQUIRE
Identification: 36649
Two Penn Center, Suite 520
1500 J.F.K. Boulevard
Philadelphia, PA  19102
(215) 568-9900
jrr@radmore.net; msh@radmore.net

Attorney for Plaintiff(s)

| | | |
|---|---|---|
| KENYOCK WRIGHT | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs | : | |
| | : | |
| THE ROHO GROUP, ROHO, INC., | : | |
| EINSTEIN MEDICAL CENTER, | : | |
| EINSTEIN HEALTHCARE NETWORK, | : | |
| TEMPLE UNIVERSITY HOSPITAL | : | |
| and | : | |
| TEMPLE UNIVERSITY | : | |
| HEALTH SYSTEM, INC. | : | NO.  181003653 |

## CERTIFICATE OF SERVICE

I, JAMES R. RADMORE, ESQUIRE, hereby certify that a copy of Plaintiff's Second

Amended Complaint was filed electronically on March 27, 2019 and is now available for viewing

and downloading from the Court's Electronic Case Filing System by William J. Ricci, Esquire,

Marshall L. Schwartz, Esquire and Caitlin E. McCauley, Esquire, counsel for defendants.

THE RADMORE FIRM, LLC


BY:___ /s/James R. Radmore_____
        JAMES R. RADMORE, ESQUIRE

Case ID: 181003653

*Filed and Attested by the*
*Office of Judicial Records*
*27 MAR 2019 03:15 pm*
*M. RUSSO*

# EXHIBIT "A"



# DRY FLOATATION®
## cushioning products

### Operations Manual



SUPPLIER: This manual must be given to the user of this product.

USER: Before using this product, read this entire manual and save for future reference.

shape fitting technology®

The ROHO Group, Inc. has a policy of continual product improvement and reserves the right to amend specifications presented in this manual.

ROHO® Cushioning Products are manufactured in the U.S.A. for The ROHO Group, Inc., 100 North Florida Avenue, Belleville, Illinois 62221-5429, www.therohogroup.com.

© 2007 The ROHO Group, Inc.
The following are trademarks and registered trademarks of ROHO, Inc.: ROHO®, DRY FLOATATION®, ISOFLO® Memory Control™, MINI-MAX®,  Yellow Rope®, shape fitting technology®, PACK-IT®, CONTOUR SELECT™, ENHANCER®, QUADTRO® SELECT®, HIGH PROFILE®, LOW PROFILE® and ADAPTOR®.

2

Case ID:

# ⚠ PRECAUTIONS

- CHECK YOUR PRODUCT EVERY DAY AND FREQUENTLY WHILE USING!

- **PRODUCT USE:** This product is designed to be used as a cushioning device to conform to a user's seated shape to protect skin tissue and aid in the prevention of tissue breakdown. DO NOT use your cushion as a water flotation device (e.g., a Life Preserver). Do not use on top or in conjunction with another cushioning product.

- **CLINICIAN RESPONSIBILITY:** The ROHO Group recommends that a clinician such as a doctor or therapist experienced in seating and positioning be consulted to determine if the ROHO DRY FLOATATION cushion is appropriate for the users particular seating needs.

- **PROPER INFLATION:** The use of any other inflation device other than the supplied hand pump may damage the cushioning product and void the warranty.

- **UNDER-INFLATION:** Do not use an under-inflated cushion. Using a cushion that is under-inflated reduces or eliminates the cushion's benefits increasing risk to the skin and soft tissue. If your cushion appears under-inflated or does not appear to be holding air, check to make sure that all valve(s) are closed by turning the inflation valve(s) clockwise. NOTE: For QUADTRO SELECT and CONTOUR SELECT Cushions, check that the green knob of the ISOFLO® Memory Control® is pushed toward the center of the ISOFLO in the UNLOCKED position so that all chambers will inflate during the inflation process. If your cushion is still not holding air, contact your clinical caregiver, distributor, or The ROHO Group immediately.

- **OVER-INFLATION:** DO NOT use an over-inflated cushion. Using an over-inflated cushion will not allow you to sink into the cushion and will reduce or eliminate the cushion's benefits increasing risk to the skin and soft tissue.

- **WEIGHT LIMIT:** The cushioning product should be correctly sized to the user. No weight limit on neoprene ROHO products if the product has been correctly sized to the user.

- **PRESSURE:** Changes in altitude may require adjustment to your cushion. Check your cushion when changing altitude of 1,000 feet (300 meters) or greater.

- **PUNCTURE:** Keep your cushion away from sharp objects, which may puncture the air cells and cause it to deflate.

- **HEAT/FLAME:** Keep your cushion away from high heat, open flames and hot ashes.

- **EXTREME COLD:** If a cushion has been in extreme cold (less than 32°F / 0°C) and experiences unusual stiffness, allow the cushion to warm to 72°F / 22°C, then open corner air valve. Roll up the cushion and then unroll it until the neoprene is soft and pliable again. Repeat proper adjustment instructions before using.

- **HANDLING:** DO NOT use any valve as a handle for carrying or pulling your cushion. Carry your cushion either by the yellow nylon carrying rope (where appropriate) or the cover's carrying handle.

- **OBSTRUCTIONS:** DO NOT place any obstructions between the user and the cushion because it will reduce product effectiveness.

- **SOLUTIONS:** DO NOT allow oil-based lotions or lanolin to come in contact with your Product, as they may degrade the material.

- **OZONE GENERATORS:** The U.S. Environmental Protection Agency, Health Canada, and other government agencies have issued warnings regarding the use of ozone generators. Prolonged exposure to ozone will degrade rubber, fabrics, and other materials used in the manufacture of your ROHO product and may affect the performance of your product and invalidate the product warranty.

- **CUSHION AND COVER ORIENTATION:** Product must be used with the air cells facing up. If the cover is not used correctly or if the cover is the wrong size, it may reduce or eliminate the cushion's benefits and could increase risk to the skin and soft tissue.

Case ID:

PARTS DETAIL



**A. Cells:** Individual interconnected air pockets.

**B. Operations Manual:** Your instructions on adjustment, care, repairs and other important information about your cushion.

**C. Repair Kit:** Patch kit for small repairs.

**D. Inflation Valve:** Used to adjust the amount of air in your cushion. Some models may have more than one valve.

**E. Yellow Rope®:** For lifting and carrying the cushion (not available on some products).

**F. Warranty Card:** Complete warranty card and mail to ROHO Inc. or register online at www.therohogroup.com.

**G. Hand Pump:** Used to inflate your cushion.

**H. ISOFLO® Memory Control®:** On QUADTRO® SELECT® and CONTOUR SELECT™ cushions only. The ISOFLO Memory Control allows you to manage the air distribution in the cushion for additional positioning and stability by locking the air into separate zones.

**I. Two-way Stretch Cover:** The cover protects the cushion and allows for minimal interference with the cushion's therapeutic value.

Case ID:

4

## PRODUCT-SPECIFIC INSTRUCTIONS

If you have purchased one of the following products please read the following before proceeding to the seat cushion adjustment instructions.

- **Multi-Compartment Cushions (HIGH PROFILE® Dual, LOW PROFILE® Dual, Recliner, Specials or Wedge):** Other compartments may be adjusted for comfort or positioning needs only after adjusting the cushion to the user's lowest bony prominence in each compartment. Follow adjustment instructions.

- **Dual Compartment HIGH PROFILE or LOW PROFILE cushions:** To maximize the positioning benefits for individuals with a pelvic obliquity, the side with the deepest bony prominence must be adjusted first. Dual compartments may be used for side-to-side or front-to-back positioning. For those who use front-to-back positioning, adjust the rear section first. Once both adjustments are made, recheck each compartment to ensure proper adjustment. Follow adjustment instructions.

- **Recliner Cushion.** Adjust seat cushion section first, then back cushion section. Make sure each cushion section is adjusted properly. Follow adjustment instructions.

- **MINI-MAX® Cushion.** Follow Adjustment Instructions (page 6). Due to short cell heights, air will release rapidly. To keep air from escaping, pinch stem while closing inflation valve. Follow adjustment instructions.

- **Lumbar Support Cushion\*.** Attach cushion to the back of chair where appropriate by looping the "hook and loop" strap through the ring until secured. Follow adjustment instructions.

- **Toilet Seat Cushion.** Attach each section, following the shape of the toilet seat. Snap into place. Follow adjustment instructions.

- **Shower/Commode Seat Cushion\*.** Place cushion on seat with valve in the front. Follow adjustment instructions.

- **ADAPTOR® Pad\*.** These pads are sealed and are not adjustable.

- **PACK-IT® Cushion.** Follow adjustment instructions.

- **Sacral Support Cushion.** Follow adjustment instructions.

## SPECIAL INSTRUCTIONS

The ROHO Group recommends the use of a Solid Seat Insert or Contour Base for optimum cushion performance and to combat the effects of a sling seat. These items are available from your nearest ROHO distributor or Rehabilitation Technology Supplier.

\* Cushion cover not included.

5

## ADJUSTMENT INSTRUCTIONS FOR:

- HIGH PROFILE
- LOW PROFILE
- MINI-MAX
- ENHANCER©

- Toilet Seat
- PACK-IT
- Recliner Cushion
- Shower/Commode Seat

- Sacral Support
  *(adjust as needed)*
- Lumbar Support
  *(adjust as needed)*



**STEP 1** Place cushion on chair, making sure it is centered and right side up, with air valve in front, left corner (Consult your prescriber about alternative positions of air valves). Turn valve counter-clockwise to open.



**STEP 2** Slide the pump's rubber nozzle over the valve and over-inflate the cushion until it begins to slightly arch upward.



**STEP 3** Turn valve clockwise to close. Remove pump. (Repeat steps 1 - 3 for remaining air valves on multi-valve cushions.)



**STEP 4** Gently place person on chair, making sure the cushion is centered underneath. The person should be seated in their normal sitting position.



**STEP 5** Slide your hand between the cushion's surface and the person's bottom. Lift their leg slightly and feel for their lowest bony prominence. Then lower their leg to a sitting position.



**STEP 6** Rotate valve counter clockwise to let out air, while keeping your hand under the person's lowest bony prominence. Release air until you can barely move your finger tips – no more than 1 inch (2.5 cm) and no less than 1/2 inch (1.25 cm). Turn valve clockwise to close.

**NOTE:** Do not sit on an improperly inflated cushion. Under-inflation and over-inflation of the cushion sections reduce or eliminate the cushion's benefits and could increase risk to the skin and soft tissue. The cushion is most effective when there is 1/2 inch (1.25 cm) to 1 inch (2.5 cm) of air between all parts of the person and the chair.

6

Case ID:

## ADJUSTMENT INSTRUCTIONS FOR:

• QUADTRO SELECT and CONTOUR SELECT with ISOFLO Memory Control.



**STEP 1** Place SELECT cushion on chair, making sure it is centered and right side up with the ISOFLO Memory Control Unit facing forward (Consult your prescriber about alternative positions of ISOFLO). Turn valve counter-clockwise to open.



**STEP 2** Make sure the ISOFLO Memory Control is also open by pushing ISOFLO's Green Knob to the right or "UNLOCKED".



**STEP 3** Slide the pump's rubber nozzle over the valve and over-inflate the SELECT cushion until it begins to slightly arch upward.



**STEP 4** Turn valve clockwise to close. Remove pump.



**STEP 5** Gently place person on chair, making sure the cushion is centered underneath. The person should be seated in their normal sitting position.



**STEP 6** Slide your hand between the cushion's surface and the person's bottom. Lift their leg slightly and feel for their lowest bony prominence. Then lower their leg to a sitting position.



**STEP 7** Rotate valve counter clockwise to let out air, while keeping your hand under the person's lowest bony prominence. Release air until you can barely move your finger tips – no more than 1 inch (2.5 cm) and no less than 1/2 inch (1.25 cm). Turn valve clockwise to close.



**STEP 8** Position person on the cushion in their desired posture and have them maintain this position while air transfers through the ISOFLO Memory Control. Once the air transfer is complete, push the ISOFLO's "Red" knob toward the left, in the LOCKED position. This will isolate the flow of air and provide a more stable sitting position. Recheck each compartment of the cushion to ensure proper inflation.

**NOTE:** Do not sit on an improperly inflated cushion. Under-inflation and over-inflation of the cushion sections reduce or eliminate the cushion's benefits and could increase risk to the skin and soft tissue. The cushion is most effective when there is 1/2 inch (1.25 cm) to 1 inch (2.5 cm) of air between all parts of the person and the chair.

Case ID:

7

## COVERING YOUR PRODUCT:

While a cover is not required, a ROHO cover is included with every standard cushion to help protect the cushion cells from protruding beyond the wheelchair seat and aiding in slide board transfers. Because the bottom of the cover is made of non-skid material, the cushion does not move in the chair.

**To cover your cushion,** follow these simple instructions:

1. Unfold the cover with the non-skid material facing upward and zipper facing you.

2. Insert your cushion into the cover with the air cells down.

3. Gently pull the grommeted corner of your cushion through an opening at the corner of the cover until the metal grommet is exposed. Repeat this procedure until all four corners are exposed. (Be careful when pulling the valve stem and rope handle through the opening).

4. Carefully, close the zipper and turn the cushion over **so cells are facing up.** Your cushion is now ready for use as long as it has been properly adjusted (see Adjustment Instructions in this manual).

If properly fitted, the cushion will sit flat on the chair (non-skid material on the bottom) with all cells covered and all four corners showing.

## CLEANING/DISINFECTING YOUR PRODUCT:

Cleaning and disinfecting are two separate processes. Cleaning must precede disinfection.
**To clean the cushion,** deflate cushion, close valves and place in large sink. Use a soft plastic bristle brush, sponge or washcloth to gently scrub air cells and spaces between. ROHO suggests using a liquid dishwashing or laundry detergent or other general-purpose cleaning product. For institutional cleaning, a general housekeeping disinfectant cleaner may be used. Air dry.

**To clean the cover,** machine wash in warm water. No bleach. Tumble dry on low heat.

**To disinfect,** use a germicidal product that meets infection control needs. ROHO suggests a disinfectant with tuberculocidal properties.

 

**For home disinfection,** use solutions of 1/2 cup liquid household bleach per quart of water (125 ml bleach to 1 liter of water). Keep the clean cushion wet with bleach solution for 10 minutes. Rinse thoroughly and air dry.

**For institutional cleaning,** most germicidal disinfectants are safe if used following the manufacturer's dilution directions. Product must be cleaned and disinfected between multiple patient usages.

**Sterilization:** ROHO highly discourages sterilization methods using temperatures greater than 200°F / 93°C. High temperatures accelerate aging and may cause damage to the cushion assembly. If institution protocol demands sterilization, open the valves and use the lowest temperature possible for the shortest time possible. Gas sterilization is preferable to steam autoclave, but neither is recommended. If steam autoclaving, make sure all valves are open.

**NOTICE:** Do not use oil-based lotions, lanolin, or phenolic-based disinfectants on your cushions as they may compromise the integrity of the neoprene.

8

Case ID:

## TROUBLESHOOTING:

**Not Holding Air:**  Make sure all valves are closed tightly by turning valves clockwise. Visibly check for holes.  With valves closed, immerse an inflated section in sink or tub of water and look for air bubbles.

If 'pin-hole,' sized holes are found, see "Minor Repairs" below.  If large holes or other leaks are found, see "Repair Program" below.

**Uncomfortable/Unstable:**  Make sure product is not over-inflated. (see Adjustment Instructions on pages 6-7).  Make sure air cells and the cover's stretch top are facing "Up". Make sure cushioning product is not too big or too small for the chair.  Allow the user to sit on the cushioning product for at least one hour to get use to the texture of the product's surface and immersion into the air cells.

**Cushion Slides On Chair:**  Make sure non-skid bottom of the cushion cover is facing "DOWN".

## MINOR REPAIRS:

If your product develops a leak, use the repair patch kit that came with your product and follow the repair patch kit instructions.

## REPAIR PROGRAM:

If you cannot successfully repair your cushion, or if severe damage has occurred, you may return it for repair.  Before returning your product to The ROHO Group for repairs, contact our Customer Support Department at 1-800-851-3449 toll free in the U.S.A.  Outside the U.S.A., contact the nearest ROHO distributor.

A minimum repair charge plus shipping will be charged for all products not under warranty.  Estimates for repair must be requested in writing and submitted with the product.  If user fails to submit a written request for a repair estimate, The ROHO Group assumes authorization has been given and will proceed with the repair of the product and will ship it back C.O.D.

Outside of the U.S.A., contact your country's distributor.  Check our web site, www. therohogroup.com, for the latest list of ROHO international distributors.

## LOANER PROGRAM (U.S.A. ONLY):

The ROHO Group offers a loaner cushion while your cushion is being repaired.  Loaner cushions require a deposit. Contact The ROHO Group at 1-800-851-3449.

## RETURN POLICY:

All returns require prior authorization from The ROHO Group and are subject to a restocking charge.

Outside of the U.S.A., contact your country's distributor or contact ROHO International at 1-618-277-9150 for your nearest distributor.  Check our web site, www.therohogroup.com, for the latest list of ROHO international distributors.

Case ID:

## LIMITED WARRANTY:

### What is covered?

ROHO, Inc. covers any defects in materials or workmanship of the product. Any substitutions of supplied hardware will void the warranty.

### For how long?

From the date the product was originally purchased:

| | |
|---|---|
| QUADTRO SELECT | 36 months |
| CONTOUR SELECT | 36 months |
| All other DRY FLOATATION Products | 24 months |
| Cushion Covers | 6 months |

### What we will do.

Within a reasonable amount of time after you return the product to us, we will repair any defect in material and workmanship and ship it back to you, all free of charge.

### What we will not do.

We will not repair free of charge a product if it has been misused, damaged by an accident, or damaged from " an act of Nature", e.g., flood, tornado, earthquake, fire.

### What the customer must do.

The customer must send the product to ROHO, Inc. with the original sales ticket or other evidence of date of purchase, and pay all delivery costs. It must be sent to: ROHO, Inc. 100 N. Florida Ave., Belleville, Illinois 62221-5429. An original sales ticket is not required if the warranty registration card attached to this Manual is completed, returned and is on file at ROHO, Inc. Failure to submit the original sales ticket or failure to have the warranty registration card in our files voids this warranty.

### Questions.

Call our Customer Support Department toll free from U.S.A. or Canada at (800)-850-7646. Outside of U.S.A. or Canada call your distributor of ROHO Customer Support Department at 1-618-277-9150.

### Disclaimer

Any implied warranties, including the MERCHANTABILITY and FITNESS FOR A PARTICULAR PURPOSE are also limited to the periods of time specified in "For how long?" from the date of original purchase and any action for a breach of such warranties or any express warranties herein must be commenced within this time. ROHO, Inc. shall not be responsible for any incidental or consequential damages with respect to economic loss or injuries to property, whether as a result of a breach of express or implied warranties, or otherwise. ROHO, Inc. will not be responsi-ble for the results of careless handling, unreasonable or improper use of this product.

### Your State Law Rights and the Effect of this Warranty upon Them

This warranty restricts the duration of all implied warranties as noted above and limits or excludes recovery for incidental or consequential damages.

Some states do not allow limitations on how long implied warranties will last and some states do not allow the exclusion or limitation of consequential or inciden-tal damages, so those provisions may not apply to you. While this warranty gives you specific legal rights, you may also have other rights which vary from state to state.

Case ID:

A PRODUCT SUPPORTED BY:



the ROHO group
shape fitting technology®



100 North Florida Avenue, Belleville, IL 62221-5429 U.S.A.
www.therohogroup.com

U.S.A. and Canada:  800-851-3449, Fax 888-551-3449

Outside the U.S.A.:  618-277-9150, Fax 618-277-6518





ROHO products are manufactured in
facilities whose Quality Management
Systems are certified to ISO 9001:2000
and ISO 13485:2003.

MDSS GmbH
Schiffgraben 41
30175 Hannover, Germany  CE

T20200 ----, Qty  7/07

Case ID:

# Exhibit "D"

**O'BRIEN & RYAN, LLP**
BY:   Marshall L. Schwartz
        Identification No. 81020
        mschwartz@obrlaw.com
        Caitlin E. McCauley
        Identification No. 315969
        cmccauley@obrlaw.com
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462-1047
(610) 834-8800

Attorneys for defendants,
Temple University Hospital and
Temple University Health
System, Inc.

Filed and Attested by the
Office of Judicial Records
Feb 2019 12:15 pm
E. HAURIN

| | | |
|---|---|---|
| KENYOCK WRIGHT, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | |
| v. | : | October Term 2018 |
| | : | No. 03653 |
| THE ROHO GROUP and ROHO, INC. and | : | |
| EINSTEIN MEDICAL CENTER and EINSTEIN | : | |
| HEALTHCARE NETWORK and TEMPLE | : | |
| UNIVERSITY HOSPITAL, and TEMPLE | : | |
| UNIVERSITY HEALTH SYSTEM, INC., | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## NOTICE OF INTENTION TO ENTER JUDGMENT OF
## NON PROS FOR FAILURE TO FILE CERTIFICATES OF MERIT

To:   James R. Radmore, Esquire
        The Radmore Firm, LLC
        Two Penn Center Plaza, Suite 520
        1500 JFK Blvd.
        Philadelphia, PA  19102

        Pursuant to Pennsylvania Rule of Civil Procedure 1042.7, I intend to enter a Judgment

of Non Pros against you after thirty (30) days of the date of the filing of this notice if a

certificate of merit is not filed as required by Rule 1042.3.  I am serving this notice on behalf of

defendants, Temple University Hospital and Temple University Health System, Inc.  The

judgment of non pros will be entered as to all claims against said defendants.

**O'BRIEN & RYAN, LLP**

_Caitlin McCauley_

MARSHALL L. SCHWARTZ
CAITLIN E. McCAULEY
Attorneys for defendants,
Temple University Hospital and Temple
University Health System, Inc.

Dated: ___2.4.19___

2

Case ID: 181003653

**O'BRIEN & RYAN, LLP**
BY:   Marshall L. Schwartz
        Identification No. 81020
        mschwartz@obrlaw.com
        Caitlin E. McCauley
        Identification No. 315969
        cmccauley@obrlaw.com
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462-1047
(610) 834-8800

Attorneys for defendants,
Temple University Hospital and
Temple University Health
System, Inc.

| | | |
|---|---|---|
| KENYOCK WRIGHT, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | |
| v. | : | October Term 2018 |
| | : | No. 03653 |
| THE ROHO GROUP and ROHO, INC. and | : | |
| EINSTEIN MEDICAL CENTER and EINSTEIN | : | |
| HEALTHCARE NETWORK and TEMPLE | : | |
| UNIVERSITY HOSPITAL, and TEMPLE | : | |
| UNIVERSITY HEALTH SYSTEM, INC., | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

     I, Caitlin E. McCauley, do hereby certify that I caused a copy of the foregoing Notice of

Intention to Enter Judgment of Non Pros for Failure to File a Certificate of Merit to be served

this day via electronic mail and United States first class mail, postage prepaid, on the following:

James R. Radmore, Esquire
The Radmore Firm, LLC
Two Penn Center Plaza, Suite 520
1500 JFK Blvd.
Philadelphia, PA 19102
*Attorney for plaintiff*

William J. Ricci, Esquire
Ricci Tyrrell Johnson & Grey
1515 Market Street
Suite 700
Philadelphia, PA 19102
*Attorney for defendants,*
*The ROHO Group and ROHO, Inc.*


Joseph G. Zack, Esquire
Post & Post, LLC
920 Cassatt Road
200 Berwyn Park
Suite 102
Berwyn, PA 19312
*Attorneys for defendants,*
*Einstein Medical Center and Einstein Healthcare Network*


**O'BRIEN & RYAN, LLP**

MARSHALL L. SCHWARTZ
CAITLIN E. McCAULEY
Attorneys for defendants,
Temple University Hospital and Temple
University Health System, Inc.

Dated: _____2.4.19_____

2

Case ID: 181003653

# Exhibit "E"

**POST & POST LLC**
BY:    JOSEPH G. ZACK, ESQUIRE
          KATHERINE J. NOA, ESQUIRE
I.D. #'s 53053 / 316362
200 Berwyn Park, Ste. 102
920 Cassatt Road
Berwyn, PA  19312
610-240-9180
Email:  jzack@postandpost.com
           knoa@postandpost.com

Attorneys for Defendants
Albert Einstein Medical Center and
Einstein Healthcare Network

*Filed and Attested by the
Office of Judicial Records
04 FEB 2019 09:55 am
E. HAURIN*

| | | |
|---|---|---|
| KENYOCK WRIGHT | : | COURT OF COMMON PLEAS |
| Plaintiff | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | OCTOBER TERM 2018 |
| | : | |
| THE ROHO GROUP, ROHO, INC., | : | NO. 03653 |
| EINSTEIN MEDICAL CENTER, | : | |
| EINSTEIN HEALTHCARE | : | |
| NETWORK, TEMPLE UNIVERSITY | : | |
| HOSPITAL AND TEMPLE | : | |
| UNIVERSITY HEALTH SYSTEM, | : | |
| INC. | : | |
| | : | |
| Defendants | : | |

### DEFENDANT'S NOTICE OF INTENTION TO ENTER JUDGMENT OF NON PROS FOR FAILURE TO FILE CERTIFICATES OF MERIT

To:    **Kenyock Wright**
          c/o James R. Radmore, Esquire
          Law Office of James R. Radmore, P.C.
          Two Penn Center Plaza
          1500 John F. Kennedy Boulevard, Suite 520
          Philadelphia, PA 19102

Pursuant to Pennsylvania Rule of Civil Procedure 1042.7, we intend to enter a Judgment

of Non Pros against your client, Kenyock Wright, after thirty (30) days of the date of the filing of

this Notice, if Certificates of Merit are not filed as required by Pennsylvania Rule of Civil

Procedure 1042.3.

Case ID: 181003653

We are serving this Notice on behalf of Defendants, Einstein Medical Center and Einstein Healthcare Network.

The Judgment of Non Pros will be entered as to all claims set forth against Defendants, Einstein Medical Center and Einstein Healthcare Network.

POST & POST LLC

BY: _____

DATE: February 4, 2019

JOSEPH G. ZACK, ESQUIRE
KATHERINE J. NOA, ESQUIRE
Attorneys for Defendants,
Albert Einstein Medical Center and
Einstein Healthcare Network

**POST & POST LLC**
BY:    JOSEPH G. ZACK, ESQUIRE
         KATHERINE J. NOA, ESQUIRE
I.D. #'s 53053 / 316362
200 Berwyn Park, Ste. 102
920 Cassatt Road
Berwyn, PA  19312
610-240-9180
Email:  jzack@postandpost.com
         knoa@postandpost.com

Attorneys for Defendants,
Albert Einstein Medical Center and
Einstein Healthcare Network

| | | |
|---|---|---|
| KENYOCK WRIGHT | : | COURT OF COMMON PLEAS |
|                  Plaintiff | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | OCTOBER TERM 2018 |
| | : | |
| THE ROHO GROUP, ROHO, INC., | : | NO. 03653 |
| EINSTEIN MEDICAL CENTER, | : | |
| EINSTEIN HEALTHCARE | : | |
| NETWORK, TEMPLE UNIVERSITY | : | |
| HOSPITAL AND TEMPLE | : | |
| UNIVERSITY HEALTH SYSTEM, | : | |
| INC. | : | |
| | : | |
|                  Defendants | : | |

## CERTIFICATE OF SERVICE

I, Katherine J. Noa, Esquire, hereby certify that on this 4th day of February, 2019, I

caused a true and correct copy of the Notice of Intent to Enter Judgement of *Non Pros* to be

served upon the following via email and first class U.S. mail:

James R. Radmore, Esquire
Law Office of James R. Radmore, P.C.
Two Penn Center Plaza
1500 John F. Kennedy Boulevard, Suite 520
Philadelphia, PA 19102
***Attorney for Plaintiff, Kenyock Wright***

Case ID: 181003653

Edward J. McGinn, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
620 Freedom Business Center, Suite 300
King of Prussia, PA 19046
*Attorney for Defendants, Roho Group and Roho, Inc.*

William J. Ricci, Esquire
Ricci Tyrrell Johnson & Grey
1515 Market Street, Suite 700
Philadelphia, PA 19102
*Attorney for Defendants, Roho Group and Roho, Inc.*

Caitlin E. McCauley, Esquire
Marshall L. Schwartz, Esquire
O'Brien & Ryan, LLP
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462
*Attorney for Defendants, Temple University Hospital and Temple University Health System, Inc.*

**POST & POST LLC**

BY: _____
JOSEPH G. ZACK, ESQUIRE
Attorney for Defendants,
Albert Einstein Medical Center and
Einstein Healthcare Network

# Exhibit "F"

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

| FOR COURT USE ONLY | |
|---|---|
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE:<br>03/25/2019 |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

WRIGHT VS THE ROHO GROUP ETAL

**CONTROL NUMBER:**

19030610

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

October ___ Term, 2018
*Month* ___ *Year*
No. _____ 03653

Name of Filing Party:
KENYOCK WRIGHT-PLF

**INDICATE NATURE OF DOCUMENT FILED:**
- ☐ Petition *(Attach Rule to Show Cause)*   ☒ Motion
- ☐ Answer to Petition   ☐ Response to Motion

Has another petition/motion been decided in this case?   ☐ Yes  ☒ No
Is another petition/motion pending?   ☐ Yes  ☒ No
*If the answer to either question is yes, you must identify the judge(s):*

| TYPE OF PETITION/MOTION (see list on reverse side) | PETITION/MOTION CODE<br>(see list on reverse side) |
|---|---|
| MOT-EXTEND TO FILE CERT/MERIT | MTECM |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

| I. CASE PROGRAM | II. PARTIES *(required for proof of service)* |
|---|---|
| DAY FORWARD/MAJOR JURY PROGRAM<br><br>Name of Judicial Team Leader: JUDGE JOHN YOUNGE<br>Applicable Petition/Motion Deadline: N/A<br>Has deadline been previously extended by the Court: NO | (Name, address and *telephone number* of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)<br><br>JAMES R RADMORE<br>  JAMES R. RADMORE, P.C. TWO PENN<br>  CENTER PLAZA 1500 J.F.K. BLVD.-SUITE<br>  520 , PHILADELPHIA PA 19102<br>CAITLIN E MCCAULEY<br>  OBRIEN & RYAN LLP HICKORY POINTE 2250<br>  HICKORY ROAD STE 300 , PLYMOUTH<br>  MEETING PA 19462<br>JOSEPH G ZACK<br>  POST & POST LLC 200 BERWYN PARK SUITE<br>  102 920 CASSATT ROAD , BERWYN PA<br>  19312 |

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

| | March 5, 2019 | JAMES R. RADMORE | |
|---|---|---|---|
| *(Attorney Signature/Unrepresented Party)* | *(Date)* | *(Print Name)* | *(Attorney I.D. No.)* |

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1051B E-File# 1903008470
05-MAR-19 14:31:02

FILED
05 MAR 2019 02:15 pm
Civil Administration
E. MASCUILLI

| | | |
|---|---|---|
| KENYOCK WRIGHT | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **vs** | : | |
| | : | |
| THE ROHO GROUP, ROHO, INC., | : | |
| EINSTEIN MEDICAL CENTER, | : | |
| EINSTEIN HEALTHCARE NETWORK, | : | |
| TEMPLE UNIVERSITY HOSPITAL | : | |
| and | : | |
| TEMPLE UNIVERSITY | : | |
| HEALTH SYSTEM, INC. | : | **NO. 181003653** |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of

Kenyock Wright's Motion to Extend the Time for Filing a Certificate of Merit, and all opposition

thereto, it is hereby ORDERED and DECREED that said motion is GRANTED.  Defendants are

ORDERED to provide plaintiff with a certified copy of plaintiff's records within the next thirty

(30) days.  Plaintiff has sixty (60) days from the receipt of said records to file their Certificate of

Merit.

BY THE COURT:

_____

J.

THE RADMORE FIRM, LLC
BY:  JAMES R. RADMORE, ESQUIRE
Identification:  36649
Two Penn Center, Suite 520
1500 J.F.K. Boulevard
Philadelphia, PA  19102
(215) 568-9900
jrr@radmore.net; msh@radmore.net

                                      **Attorney for Plaintiff(s)**

| | | |
|---|---|---|
| KENYOCK WRIGHT | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| vs | : | |
| | : | |
| THE ROHO GROUP, ROHO, INC., | : | |
| EINSTEIN MEDICAL CENTER, | : | |
| EINSTEIN HEALTHCARE NETWORK, | : | |
| TEMPLE UNIVERSITY HOSPITAL | : | |
| and | : | |
| TEMPLE UNIVERSITY | : | |
| HEALTH SYSTEM, INC. | : | NO.  181003653 |

### PLAINTIFF, KENYOCK WRIGHT'S
### MOTION TO EXTEND THE TIME FOR FILING A CERTIFICATE OF MERIT

Kenyock Wright, by and through her attorney, hereby request an extension of time for filing a certificate of merit in the above-captioned matter and aver as follows:

1.    The time for filing certificates of merit has not passed as it is less then sixty (60) days from the filing of the complaint which was filed on January 4, 2019.

2.    On October 26, 2018, plaintiff commenced this action with the filing of a Writ of Summons and Request for Production of Documents.

3.    The Writ of Summons along with a Request for Production of Documents were served upon the defendants.

4.    As plaintiff is not in receipt of a certified copy of his complete records from the

defendants, plaintiff is unable to obtain full review until such time as they are in receipt of the same.

     5.    There has been no delay on the part of plaintiff causing the inability to provide certificates of merit.

     WHEREFORE, Kenyock Wright prays that the Court enter an Order extending the time for filing a certificate of merit.

THE RADMORE FIRM, LLC


BY:  \s\James R. Radmore
       JAMES R. RADMORE, ESQUIRE
       Attorney for Plaintiff

**THE RADMORE FIRM, LLC**
**BY:  JAMES R. RADMORE, ESQUIRE**
**Identification: 36649**
**Two Penn Center, Suite 520**
**1500 J.F.K. Boulevard**
**Philadelphia, PA   19102**
**(215) 568-9900**
jrr@radmore.net; msh@radmore.net                           **Attorney for Plaintiff(s)**

| | | |
|---|---|---|
| **KENYOCK WRIGHT** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **vs** | : | |
| | : | |
| **THE ROHO GROUP, ROHO, INC.,** | : | |
| **EINSTEIN MEDICAL CENTER,** | : | |
| **EINSTEIN HEALTHCARE NETWORK,** | : | |
| **TEMPLE UNIVERSITY HOSPITAL** | : | |
| **and** | : | |
| **TEMPLE UNIVERSITY** | : | |
| **HEALTH SYSTEM, INC.** | : | **NO.  181003653** |

**MEMORANDUM OF LAW IN SUPPORT OF KENYOCK WRIGHT'S**
**MOTION TO EXTEND THE TIME FOR FILING A CERTIFICATE OF MERIT**

**STATEMENT OF FACTS:**

Pennsylvania Rule of Civil Procedure 1042.3 (2)(d) Certificate of Merit provides in part

"upon good cause shown, shall extend the time for filing
a certificate of merit for a period not to exceed sixty days.  The
motion to extend the time for filing a certificate of merit must be
filed on or before the filing date that the plaintiff seeks to extend.
The filing of a motion to extend tolls the time period within
which a certificate of merit must be filed until the court rules
upon the motion."

For the above-stated reasons, the Court should enter an Order extending the time for filing a

certificate of merit.

THE RADMORE FIRM, LLC

BY:   \s\James R. Radmore
              JAMES R. RADMORE, ESQUIRE
              Attorney for Plaintiff

Case ID: 181003653
Control No.: 19030610

THE RADMORE FIRM, LLC
BY:  JAMES R. RADMORE, ESQUIRE
Identification: 36649
Two Penn Center, Suite 520
1500 J.F.K. Boulevard
Philadelphia, PA   19102
(215) 568-9900
jrr@radmore.net; msh@radmore.net                    **Attorney for Plaintiff(s)**

| KENYOCK WRIGHT | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs | : | |
| | : | |
| THE ROHO GROUP, ROHO, INC., | : | |
| EINSTEIN MEDICAL CENTER, | : | |
| EINSTEIN HEALTHCARE NETWORK, | : | |
| TEMPLE UNIVERSITY HOSPITAL | : | |
| and | : | |
| TEMPLE UNIVERSITY | : | |
| HEALTH SYSTEM, INC. | : | NO.  181003653 |

## CERTIFICATE OF SERVICE

I, JAMES R. RADMORE, ESQUIRE, hereby certify that a copy of Motion to Extend the Time

for Filing a Certificate of Merit was filed electronically on March 5, 2019 and is now available for

viewing and downloading from the Court's Electronic Case Filing System by William J. Ricci,

Esquire, Marshall L. Schwartz, Esquire and Caitlin E. McCauley, Esquire, counsel for defendants.

THE RADMORE FIRM, LLC

BY:___/s/James R. Radmore_____
            JAMES R. RADMORE, ESQUIRE

COMMONWEALTH OF PENNSYLVANIA:
                                 :

COUNTY OF PHILADELPHIA    :

JAMES R. RADMORE, being duly sworn according to law, deposes and says that he is attorney for Kenyock Wright and that he takes this Affidavit as attorney being authorized to do so and that the facts set forth in the foregoing Motion to Extend the Time for Filing a Certificate of Merit are true and correct to the best of his knowledge, information and belief.

JAMES R. RADMORE, ESQUIRE

SWORN TO AND SUBSCRIBED
before me this 5ᵗʰ day
of March, 2019.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MELISSA S. HALTER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires April 30, 2019

Case ID: 181003653
Control No.: 19030610

# Exhibit "G"

FILED
05 MAR 2019 02:15 pm
Civil Administration
E. MASCUILLI

| | | |
|---|---|---|
| KENYOCK WRIGHT | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs | : | APR 18 2019 |
| | : | |
| THE ROHO GROUP, ROHO, INC., | : | C. FORTE |
| EINSTEIN MEDICAL CENTER, | : | CIVIL TRIAL DIVISION |
| EINSTEIN HEALTHCARE NETWORK, | : | |
| TEMPLE UNIVERSITY HOSPITAL | : | |
| and | : | |
| TEMPLE UNIVERSITY | : | |
| HEALTH SYSTEM, INC. | : | NO. 181003653 |

**ORDER**

AND NOW, this ____18th____ day of ____Apr____, 2019, upon consideration of

Kenyock Wright's Motion to Extend the Time for Filing a Certificate of Merit, and all opposition

thereto, it is hereby ORDERED and DECREED that said motion is GRANTED as follows--the

Plaintiff shall file a certificate of merit within thirty days of the date that this order is entered on

the docket.  It is further ordered that the Plaintiff shall file a discovery motion to obtain the

necessary medical records.

BY THE COURT:

Wright Vs The Roho Grou-ORDER

18100365300049

# Exhibit "H"

**FILED**
30 JAN 2019 01:59 pm
**Civil Administration**
M. GRAHAM

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| KENYOCK WRIGHT | : | |
| | : | |
| vs | : | |
| | : | |
| THE ROHO GROUP, ROHO, INC., | : | |
| EINSTEIN MEDICAL CENTER, | : | |
| EINSTEIN HEALTHCARE NETWORK, | : | |
| TEMPLE UNIVERSITY HOSPITAL | : | |
| and | : | |
| TEMPLE UNIVERSITY | : | |
| HEALTH SYSTEM, INC. | : | NO.  181003653 |

## CASE MANAGEMENT CONFERENCE
### MEMORANDUM
### PART A
*(To be completed in Personal Injury cases)*

Filing party: Kenyock Wright          By:   James R. Radmore, Esquire
Counsel's address (IMPORTANT) Two Penn Center, Suite 520, 1500 JFK Boulevard
                             Philadelphia, PA  19102

1.   Date of accident or occurrence:    October 28, 2016
     1(a).  Age of Plaintiff(s)             47

2.   Most serious injuries sustained:   Infection of buttocks resulting in osteomyelitis of hip

3.   Is there any permanent injury claimed?        ☒ Yes        ☐ No
     If yes, indicate the type of permanent injury: Infection of buttocks resulting in
osteomyelitis of hip

4.   Dates of medical treatment:    October 28, 2016 through present

5.   Is medical treatment continuing?              ☒ Yes        ☐ No

6.   Has there been an inpatient hospitalization?  ☒ Yes        ☐ No

7.   Has there been any surgery?                   ☒ Yes        ☐ No

     If yes, indicate the type of surgery:   Removal of foreign object from his buttocks/hip

8.   Approximate medical bills to date: To be provided as plaintiff continues to treat

Approximate medical bills recoverable in this case:  To be provided as plaintiff
continues to treat

9.    Time lost from work:  N/A

10.   Approximate past lost wages:  N/A

11.   Approximate future lost earning capacity:  N/A

12.   Are there any related cases or claims pending?     ☐ Yes     ☒ No

      If so, list caption(s) or other appropriate identifier:


13.   Do you anticipate joining additional parties?     ☐ Yes     ☒ No

14.   Plaintiff's position as to liability:  Wheelchair cushion manufactured and sold by the Roho
defendants was defective.  Einstein defendants failed to provide appropriate and competent medical
care.  Temple defendants failed to recognize or diagnose plaintiff ultimately resulting in stopping
treatment until surgery was ultimately necessary

15.   Defense position as to liability:  Unknown


16.   Defense position as to causation of injuries alleged:  Unknown


17.   Identify all applicable insurance coverage:

      Defendant                    Insurance Carrier              Coverage Limits
      See defendants Case Management Memorandum

      Are there issues as to the applicability of the
      above insurance coverage?                ☐ Yes     ☐ No

18.   Demand: $650,000.00              Offer: $ -0-


THIS FORM SHALL BE PRESENTED TO THE CASE MANAGER AND COPIES SERVED
UPON ALL PARTIES AT THE CASE MANAGEMENT CONFERENCE BY COUNSEL
PREPARED TO DISCUSS ITS CONTENTS.

# Exhibit "I"



## POST & POST LLC

A T T O R N E Y S   A T   L A W

200 BERWYN PARK, SUITE 102
920 CASSATT ROAD
BERWYN, PENNSYLVANIA 19312

TELEPHONE (610) 240-9180
FACSIMILE (610) 240-9185
WWW.POSTANDPOST.COM

JOSEPH G. ZACK, ESQUIRE
JZACK@POSTANDPOST.COM
DIRECT DIAL 484-913-3023

OUR FILE NO. 456.001160

May 31, 2019

*VIA HAND DELIVERY*

Office of Judicial Record
Court of Common Pleas of Philadelphia County
Room 284
Philadelphia, PA   19107

RE:   **Kenyock Wright v. Albert Einstein Medical Center, et al.**
      <u>**Philadelphia County Court of Common Pleas, October Term 2018, No: 03653**</u>

To Whom It May Concern:

On May 21, 2019, I attempted to electronically file a Praecipe to Enter Judgement of Non Pros pursuant to Pennsylvania Rule of Civil Procedure 1042.7 on behalf of my clients, Albert Einstein Medical Center and Einstein Healthcare Network, in connection with the above-named matter. A copy of the filing confirmation is enclosed for your reference. However, due to the recent issues with the efiling system, the Praecipe has not been accepted. Accordingly, I have enclosed for filing the original and one copy of the Praecipe to Enter Judgement of NonPros. I am respectfully requesting that this filing be deemed accepted as of May 21, 2019. Please return a time-stamped copy with the courier.

Thank you for your attention to this matter.

Very truly yours,

JOSEPH G. ZACK
JGZ/mm

Enclosures

Office of Judicial Record
May 31, 2019
Page 2

cc: James R. Radmore, Esquire
    William J. Ricci, Esquire/ Deborah A. Moeller, Esquire
    Caitlin E. McCauley, Esquire/ Marshall L. Schwartz, Esquire
        (all via email only w/enclosure)

Dear Joseph G. Zack,

The legal paper you electronically presented for filing has been received by the Office of Judicial Records. The following information will assist you in tracking the status of the pleading:

Caption:
WRIGHT VS THE ROHO GROUP ETAL
Case Number: 181003653

Date Presented to the Office of Judicial Records for Filing:
May 21, 2019 08:58 am EDT/DST

Type of Pleading/Legal Paper:
NON PROS ENTERED-PARTIAL DISP.

E-File No.: 1905048021
Confirmation No.: 4B3733BFE
Personal Reference No.: Wright 456.1160

Filing Fee: $ 0.00

The requisite filing fees will only be charged to your credit card upon acceptance of your legal paper by the Prothonotary. No charge will be posted to your credit card if your legal paper is rejected.

Please be advised that the above legal paper will not be deemed to have been "filed" until it has been reviewed and accepted by the Prothonotary. You will be notified by email when your legal paper has been approved or rejected by the Prothonotary. If you do not receive an approval or rejection email within two (2) business days you may contact the Office of Judicial Records at (215) 686-6645 to determine the status of your electronic filing.

At any time, you may check the status of your electronic filing by logging in to the Electronic Filing Web Site at http://courts.phila.gov using the Court-issued User Name and Password.

You are reminded that Pa.R.C.P. No. 205.4 requires that a hard copy of the legal paper you have filed electronically be signed and, as applicable, verified concurrently with the electronic filing of the legal paper, and shall be maintained by you for two (2) years after the later of: (i) the disposition of the case; (ii) the entry of an order resolving the issue raised by the legal paper; or (iii) the disposition by an appellate court of the issue raised by the legal

paper.

At the request of any party, you must produce for inspection the original or a hard copy of a legal paper or exhibit within fourteen (14) days, or the court, upon motion, may grant appropriate sanctions.


THANK YOU,

ERIC FEDER
DEPUTY COURT ADMINISTRATOR
DIRECTOR, OFFICE OF JUDICIAL RECORDS


DISCLAIMER
------------------------------------------------------------------
The First Judicial District will use your electronic mail address and other personal information only for purposes of Electronic Filing as authorized by Pa. R.C.P. 205.4 and Philadelphia Civil *Rule 205.4.

Use of the Electronic Filing System constitutes an acknowledgment that the user has read the Electronic Filing Rules and Disclaimer and agrees to comply with same.

------------------------------------------------------------------


This is an automated e-mail, please do not respond!

**POST & POST LLC**
BY:    JOSEPH G. ZACK, ESQUIRE
            KATHERINE J. NOA, ESQUIRE
I.D. #'s 53053 / 316362
200 Berwyn Park, Ste. 102
920 Cassatt Road
Berwyn, PA  19312
610-240-9180
Email:  jzack@postandpost.com
            knoa@postandpost.com

Attorneys for Defendants,
Albert Einstein Medical Center and
Einstein Healthcare Network

| | | |
|---|---|---|
| KENYOCK WRIGHT | : | COURT OF COMMON PLEAS |
| Plaintiff | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | |
| | : | OCTOBER TERM 2018 |
| | : | |
| THE ROHO GROUP, ROHO, INC., | : | NO. 03653 |
| EINSTEIN MEDICAL CENTER, | : | |
| EINSTEIN HEALTHCARE | : | |
| NETWORK, TEMPLE UNIVERSITY | : | |
| HOSPITAL AND TEMPLE | : | |
| UNIVERSITY HEALTH SYSTEM, | : | |
| INC. | : | |
| | : | |
| Defendants | : | |

## PRAECIPE FOR ENTRY OF JUDGMENT OF NON PROS
## PURSUANT TO PENNSYLVANIA RULE OF CIVIL PROCEDURE 1042.7

TO THE PROTHONOTARY:

Pursuant to Pennsylvania Rule of Civil Procedure 1042.7, please enter Judgment of Non

Pros in the above-captioned matter against Plaintiff, Kenyock Wright, as to any and all claims

against Defendants, Albert Einstein Medical Center and Einstein Healthcare Network, as

Plaintiff has failed to file the required Certificates of Merit.

Pursuant to Rule 1042.6, a written notice of intention to file this Praecipe was filed with

the Court and mailed to Plaintiff on February 4, 2019.  True and correct copies of the Moving

Defendants' Notice of Intention, and accompanying Certificate of Service, are attached hereto as Exhibit "A".

By Order dated April 18, 2019, this Honorable Court granted Plaintiff an additional sixty (60) days to file the requisite Certificates of Merit. *See* Exhibit "B". Pursuant to the Court's Order, Certificates of Merit were due to be filed by May 20, 2019. *See* Exhibit B. Plaintiff has failed to file Certificates of Merit and, accordingly, Defendants move for a judgment of *non pros.*

**POST & POST LLC**

BY: _____

DATE: May 21, 2019

JOSEPH Q. ZACK, ESQUIRE
KATHERINE J. NOA, ESQUIRE
Attorneys for Defendants,
Albert Einstein Medical Center and
Einstein Healthcare Network

# EXHIBIT "A"

POST & POST LLC
BY:   JOSEPH G. ZACK, ESQUIRE
         KATHERINE J. NOA, ESQUIRE
I.D. #'s 53053 / 316362
200 Berwyn Park, Ste. 102
920 Cassatt Road
Berwyn, PA  19312
610-240-9180
Email:  jzack@postandpost.com
            knoa@postandpost.com

Attorneys for Defendants
Albert Einstein Medical Center and
Einstein Healthcare Network

*Filed and Attested by the Prothonotary and Clerk of Judicial Records 04 ... am*

| | | |
|---|---|---|
| KENYOCK WRIGHT | : | COURT OF COMMON PLEAS |
| Plaintiff | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | OCTOBER TERM 2018 |
| | : | |
| THE ROHO GROUP, ROHO, INC., | : | NO. 03653 |
| EINSTEIN MEDICAL CENTER, | : | |
| EINSTEIN HEALTHCARE | : | |
| NETWORK, TEMPLE UNIVERSITY | : | |
| HOSPITAL AND TEMPLE | : | |
| UNIVERSITY HEALTH SYSTEM, | : | |
| INC. | : | |
| | : | |
| Defendants | : | |

## DEFENDANT'S NOTICE OF INTENTION TO ENTER JUDGMENT OF NON PROS FOR FAILURE TO FILE CERTIFICATES OF MERIT

To:   **Kenyock Wright**
         c/o James R. Radmore, Esquire
         Law Office of James R. Radmore, P.C.
         Two Penn Center Plaza
         1500 John F. Kennedy Boulevard, Suite 520
         Philadelphia, PA 19102

Pursuant to Pennsylvania Rule of Civil Procedure 1042.7, we intend to enter a Judgment

of Non Pros against your client, Kenyock Wright, after thirty (30) days of the date of the filing of

this Notice, if Certificates of Merit are not filed as required by Pennsylvania Rule of Civil

Procedure 1042.3.

We are serving this Notice on behalf of Defendants, Einstein Medical Center and Einstein Healthcare Network.

The Judgment of Non Pros will be entered as to all claims set forth against Defendants, Einstein Medical Center and Einstein Healthcare Network.

POST & POST LLC

BY: _____

DATE: February 4, 2019

JOSEPH G. ZACK, ESQUIRE
KATHERINE J. NOA, ESQUIRE
Attorneys for Defendants,
Albert Einstein Medical Center and
Einstein Healthcare Network

Case ID: 181003653

**POST & POST LLC**
BY:    JOSEPH G. ZACK, ESQUIRE
          KATHERINE J. NOA, ESQUIRE
I.D. #'s 53053 / 316362
200 Berwyn Park, Ste. 102
920 Cassatt Road
Berwyn, PA  19312
610-240-9180
Email:  jzack@postandpost.com
           knoa@postandpost.com

Attorneys for Defendants,
Albert Einstein Medical Center and
Einstein Healthcare Network

| | | |
|---|---|---|
| KENYOCK WRIGHT | : | COURT OF COMMON PLEAS |
| Plaintiff | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | OCTOBER TERM 2018 |
| | : | |
| THE ROHO GROUP, ROHO, INC., | : | NO. 03653 |
| EINSTEIN MEDICAL CENTER, | : | |
| EINSTEIN HEALTHCARE | : | |
| NETWORK, TEMPLE UNIVERSITY | : | |
| HOSPITAL AND TEMPLE | : | |
| UNIVERSITY HEALTH SYSTEM, | : | |
| INC. | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Katherine J. Noa, Esquire, hereby certify that on this 4th day of February, 2019, I

caused a true and correct copy of the Notice of Intent to Enter Judgement of *Non Pros* to be

served upon the following via email and first class U.S. mail:

James R. Radmore, Esquire
Law Office of James R. Radmore, P.C.
Two Penn Center Plaza
1500 John F. Kennedy Boulevard, Suite 520
Philadelphia, PA 19102
*Attorney for Plaintiff, Kenyock Wright*

Case ID: 181003653

Edward J. McGinn, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
620 Freedom Business Center, Suite 300
King of Prussia, PA 19046
*Attorney for Defendants, Roho Group and Roho, Inc.*

William J. Ricci, Esquire
Ricci Tyrrell Johnson & Grey
1515 Market Street, Suite 700
Philadelphia, PA 19102
*Attorney for Defendants, Roho Group and Roho, Inc.*

Caitlin E. McCauley, Esquire
Marshall L. Schwartz, Esquire
O'Brien & Ryan, LLP
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462
*Attorney for Defendants, Temple University Hospital and*
*Temple University Health System, Inc.*

**POST & POST LLC**

BY: _____
JOSEPH Q. ZACK, ESQUIRE
Attorney for Defendants,
Albert Einstein Medical Center and
Einstein Healthcare Network

# EXHIBIT "B"

**FILED**
05 MAR 2019 02:15 pm
Civil Administration
E. MASCUILLI

| | | |
|---|---|---|
| KENYOCK WRIGHT | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs | : | |
| | : | C. FORTE |
| THE ROHO GROUP, ROHO, INC., | : | CIVIL TRIAL DIVISION |
| EINSTEIN MEDICAL CENTER, | : | |
| EINSTEIN HEALTHCARE NETWORK, | : | |
| TEMPLE UNIVERSITY HOSPITAL | : | |
| and | : | |
| TEMPLE UNIVERSITY | : | |
| HEALTH SYSTEM, INC. | : | NO. 181003653 |

DOCKETED
APR 1 8 2019

**ORDER**

AND NOW, this ___18th___ day of ___June___, 2019, upon consideration of

Kenyock Wright's Motion to Extend the Time for Filing a Certificate of Merit, and all opposition

thereto, it is hereby ORDERED and DECREED that said motion is GRANTED as follows--the

Plaintiff shall file a certificate of merit within thirty days of the date that this order is entered on

the docket. It is further ordered that the Plaintiff shall file a discovery motion to obtain the

necessary medical records.

BY THE COURT:

Wright Vs The Roho Grou-ORDER

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
18100365300049

Case ID: 181003653
Control No.: 19030610

**POST & POST LLC**
BY:   JOSEPH G. ZACK, ESQUIRE
        KATHERINE J. NOA, ESQUIRE
I.D. #'s 53053 / 316362
200 Berwyn Park, Ste. 102
920 Cassatt Road
Berwyn, PA  19312
610-240-9180
Email:  jzack@postandpost.com
        knoa@postandpost.com

Attorneys for Defendants,
Albert Einstein Medical Center and
Einstein Healthcare Network

| KENYOCK WRIGHT | : | COURT OF COMMON PLEAS |
|---|---|---|
| Plaintiff | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | OCTOBER TERM 2018 |
| | : | |
| THE ROHO GROUP, ROHO, INC., | : | NO. 03653 |
| EINSTEIN MEDICAL CENTER, | : | |
| EINSTEIN HEALTHCARE | : | |
| NETWORK, TEMPLE UNIVERSITY | : | |
| HOSPITAL AND TEMPLE | : | |
| UNIVERSITY HEALTH SYSTEM, | : | |
| INC. | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Katherine J. Noa, Esquire, hereby certify that on this 21st day of May, 2019, I caused a true and correct copy of the Praecipe to Enter Judgement of *Non Pros* to be served upon the following via email and first class U.S. mail:

James R. Radmore, Esquire
Law Office of James R. Radmore, P.C.
Two Penn Center Plaza
1500 John F. Kennedy Boulevard, Suite 520
Philadelphia, PA 19102
*Attorney for Plaintiff, Kenyock Wright*

William J. Ricci, Esquire
Ricci Tyrrell Johnson & Grey
1515 Market Street, Suite 700
Philadelphia, PA 19102
*Attorney for Defendants, Roho Group and Roho, Inc.*

Deborah A. Moeller, Esquire
Mauer Law Firm P.C.
1100 Main Street, Suite 2100
Kansas City, Missouri  64105
*Attorney (pro hac vice) for Defendants, Roho Group and Roho, Inc.*

Caitlin E. McCauley, Esquire
Marshall L. Schwartz, Esquire
O'Brien & Ryan, LLP
Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462
*Attorney for Defendants, Temple University Hospital and
Temple University Health System, Inc.*

**POST & POST LLC**

BY: _____

JOSEPH G. ZACK, ESQUIRE
Attorney for Defendants,
Albert Einstein Medical Center and
Einstein Healthcare Network